### Jesse Zilliox v. The State.

No. 7186.   Decided January 24, 1923.

**1.—Gaming—Election by State.**

Where, upon trial of gaming, the offenses alleged in the indictment were of such similar nature and character that it might be difficult to anticipate prior to the introduction of the evidence, or at any stage of the case, of which of said offenses there might be support in the testimony introduced, there was no error in overruling the motion to elect.

**2.—Same—Separate Felonies—Verdict.**

Since the case of Miller v. State, 16 Texas Crim. App., 417, it has been the rule of decision in this State that one cannot be found guilty of two separate and distinct felonies in one verdict, and this is especially true when the punishment fixed by the jury is in excess of the lowest penalty, and the court having submitted in a trial for gambling separate and distinct felonies, and the jury having found the defendant guilty as charged in the indictment, which charged separate felonies, the judgment must be reversed and the cause remanded.  Following Knott v. State, recently decided.

Appeal from the Criminal District Court of Dallas.   Tried below before the Honorable Robert B. Seay.

Appeal from a conviction of gaming; penalty, three years imprisonment in the penitentiary.

The opinion states the case.

*N. T. Lively* and *T. F. Munroe*, for appellant.

*W. A. Keeling*, Attorney General, and *C. L. Stone*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the Criminal District·Court of Dallas County as hereinafter shown, and his punishment fixed at three years in the penitentiary.

The indictment against appellant contained a number of counts, the first two being submitted to the jury in the charge and the others withdrawn.   The first count charged that appellant did unlawfully keep and was interested in keeping certain premises and building for the purpose of being used as a place to bet, wager and gamble with cards, dice and dominoes, and as a place to which people then and there resorted for said purposes.   The second count charged appellant with unlawfully keeping and exhibiting for the purpose of gaming, a gaming

table and bank.  In our opinion appellant's motion to require the State to elect between said counts was properly overruled.  Such offenses are of such similar nature and character as that it might be difficult to anticipate prior to the introduction of the evidence or at any stage of the case, of which of said offenses there might be support in the testimony introduced.

In his charge to the jury the court below instructed them that if they found the defendant guilty of keeping and being interested in keeping said premises as a place for gambling, etc., they should find him guilty as charged in the first count of the indictment and assess his punishment at confinement in the penitentiary for a term of not less than two nor more than four years.  The court also informed the jury that if they found appellant guilty as charged in the second count in the indictment of keeping and exhibiting for the purpose of gaming any gaming table and bank, they should convict him and assess his punishment at confinement in the penitentiary for a term of not less than two nor more than four years.  The jury returned into court the following verdict: "We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at three years confinement in the penitentiary.."  Upon this verdict a judgment was entered.  Omitting the formal parts, said judgment reads as follows:

"It is therefore ordered, adjudged and decreed by the court that the verdict of the jury be in all things approved and confirmed; that the defendant, Jesse Zilliox, is adjudged to be guilty of the offense of keeping and being interested in keeping a certain building and premises for the purpose of being used as a place to bet and gamble with dice, and of unlawfully keeping and exhibiting for the purpose of gaming, a gaming table and bank as found by the verdict of the jury aforesaid, and that he be confined in the State penitentiary for the term of three years."

Since the case of Miller v. State, 16 Texas Crim. App., 417, it has been the rule of decision in this State that one cannot be found guilty of two separate and distinct felonies in one verdict, and this is especially true when the punishment fixed by the jury is in excess of the lowest penalty.  In a case such as the one under consideration, as said by Judge Willson in Miller v. State, supra, we could not reform the judgment because we cannot ascertain from the verdict of which offense the jury intended to find the accused guilty, and that this court could not reform a judgment and hold that the jury intended to find appellant guilty of being interested in keeping a place to be used for purposes of gaming, etc., when the jury may have found him guilty of keeping and exhibiting a gaming table and bank, and vice versa.  The subject has been recently reviewed by this court in Knott v. State, No. 7233, opinion handed down on January 17, 1923.

There are many questions raised in this record upon matters of practice incident to the particular trial, a discussion of which would not further seem profitable.

For the error above mentioned the judgment will be reversed and the cause remanded.

*Reversed and remanded.*