ROY NOWELLS v. THE STATE.

No. 7700.  Decided June 6, 1923.

**1.—Selling Intoxicating Liquor—Indictment.**

Where the indictment in neither count gave the statutory description of the liquor, but simply charged that the liquor was capable of producing intoxication, the same was sufficient. Following Tucker v. State, recently decided.

**2.—Same—Separate Felonies—Practice on Appeal.**

A reversal becomes necessary because appellant was convicted of two separate distinct felonies, and because the court charged the jury that they could find the defendant guilty under both counts in the indictment. Following Banks v. State, 246 S. W. Rep., 377, and other cases.

Appeal from the District Court of Palo Pinto. Tried below before the Honorable J. B. Keith.

Appeal from a conviction of selling intoxicating liquor and for having same in possession for the purpose of sale; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*P. C. Sanders,* and *Moyer & Creighton,* for appellant.—Cited, cases in opinion.

*W. A. Keeling,* Attorney General, and *C. L. Stone,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Conviction is for violation of certain provisions of what is know as the "Dean Liquor Law," punishment being assessed at two years confinement in the penitentiary.

The indictment charges in the first count that appellant sold "liquor capable of producing intoxication;" in the second count he is charged with being in the possession for the purpose of sale of "liquor capable of producing intoxication." It will be observed that in neither count is the statutory description of the liquor followed; that is, there is no allegation that the liquor was either spirituous, vinous or malt. The indictment is an exact copy of the one in Tucker v. State, No. 7575. The Tucker case was affirmed at a former day of this term, and motion for rehearing overruled June 6th, 1923. The identical question is discussed at some length in the latter case and we refer thereto for our conclusions.

A reversal becomes necessary because appellant was convicted of two separate and distinct felonies. In submitting the case to the jury the court not only submitted each count separately, but gave this additional charge:

"Or if you believe from the evidence beyond a reasonable doubt that the defendant is guilty under both counts in the indictment then you will find him guilty as charged under both counts in the indictment and assess his punishment at confinement in the penitentiary of this State for any term of years not less than one nor more than five, in your discretion."

Following this instruction the jury returned a verdict finding appellant guilty under both counts and assessed his punishment at two years' confinement in the penitentiary. The judgment follows the verdict and condemns him to be guilty of the offenses of both selling intoxicating liquor and with having same in his possession for the purpose of sale. We do not discuss the matter further than to refer to former opinions of this court holding that an accused cannot be convicted of two felonies upon one trial under one indictment. Banks v. State, 93 Texas Crim. Rep., 117, 246 S. W. Rep., 377; Knott v. State, 93 Texas Crim. Rep., 239, 247 S. W. Rep., 520; 522; Zilliox v. State, 93 Texas Crim. Rep., 301, 247 S. W. Rep., 523; Wimberley v. State, No. 7285, opinion March 21, 1923; Huffhines v. State, No. 7226, opinion May 2, 1923.

For the error pointed out the judgment must be reversed and the cause remanded.

*Reversed and remanded.*