Cecil Garrison v. The State.

No. 7952.    Decided June 4, 1924.

Rape—Indictment—Election by State—Charge of Court—Verdict.

Where the indictment contained two counts charging rape without consent of the female, and also rape upon a female under the age of consent, there was no error in overruling a motion that the State, elect, but the charge of the court submitting both counts and instructing the jury that they might find defendant guilty of either or both counts, and so state in their verdict, and the jury finding a verdict on both counts and assessing the punishment at twenty years imprisonment in the penitentiary, fixing the amount of punishment at four times the minimum, the judgment must be reversed and the cause remanded. Following: Modica v. State, 251 S. W. Rep., 1049, and other cases.

Appeal from the District Court of Cameron. Tried below before the Honorable Walter F. Timon.

Appeal from a conviction of rape; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Wells & Galbraith* and *Sedbury, George & Taylor,* for appellant.— On question of verdict: Huffhines v. State, 251 S. W. Rep., 229; Zilliox v. State, 247 id., 523; Knott v. State, 247 id., 520; Wimberley v. State, 249 id., 497, and cases cited in opinion.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney, for the State.

HAWKINS, Judge.—Conviction is for rape with the punishment assessed at twenty years in the penitentiary.

The disposition we find necessary to make of the case does not call for a statement of the evidence.

The indictment contained two counts, the first charging rape of Viola Guthrie by force, and without her consent; the second charging rape of said female, she being under the age of eighteen years.

Appellant requested that the State be required to elect upon which count it would rely for a conviction. This request was refused. We think the court not in error in this regard. The facts were such that the State could rely upon either count without the necessity of declaring upon which they sought conviction. However, both counts were submitted to the jury, and in that connection the jury were instructed as follows:

·'In arriving at your verdict should you find defendant guilty as charged in either count in said indictment, you will state which count, *either or both*, of which you find defendant guilty.''

A specific exception was directed to the charge just quoted because the same was ''ambiguous, duplicitous, and inconsistent, and permits double conviction under two offenses of different character.'' Notwithstanding the exception calling the court's attention to the particular matter complained of the learned trial judge declined to amend his charge and it went to the jury as originally written. The verdict returned reads as follows:

''We, the jury, find the defendant Cecil Garrison guilty in *both first and second* counts as charged in the indictment and assess his punishment at twenty (20) years' confinement in the penitentiary.''

The judgment is general, condemning appellant to be guilty of the offense of rape as found by the jury. The verdict was assailed in the motion for new trial as being one upon which a judgment could not properly be entered, and it is now contended here that the judgment can not stand upon the verdict as returned.

The first count in the indictment charged rape by force without consent. If the alleged injured female consented to intercourse there could be no conviction under the first count. Parks v. State, 92 Texas Crim. Rep., 59, 241 S. W., 1015; Morgan v. State, 50 S. W., 718; Nicholas v. State, 23 Texas Crim. App., 317; Moore v. State, 20 Texas Crim. App., 275; Jenkins v. State, 34 Texas Crim. Rep., 201. Evidence offered by appellant, if believed by the jury, raised an issue as to whether the act of intercourse (if accomplished at all) was by force or consent. The testimony of prosecutrix that it was accomplished by force and without her consent was challenged by other evidence in the case. Appellant admitted an assault but denied penetration of the person of prosecutrix and with his private part, but admitted a partial digital penetration. In this condition of the record the court authorized the jury to base their verdict upon ''either or both counts'' in the indictment; the jury availed themselves of the privilege thus given and found appellant to be guilty under both counts, and fixed the punishment at four times the minimum. Can the judgment based upon such a verdict stand? As throwing light upon the general subject we refer to Banks v. State, 93 Texas Crim.

Rep., 117, 246 S. W., 377; Knott v. State, 93 Texas Crim. Rep., 239, 247 S. W., 520; Zilliox v. State, 93 Texas Crim. Rep., 301, 247 S. W., 523; Wimberly v. State, 94 Texas Crim. Rep., 1, 249 S. W., 497; Huffhines v. State, 94 Texas Crim. Rep., 292, 251 S. W., 229; Nowells v. State, 94 Texas Crim. Rep., 571, 252 S. W., 550, and the various authorities cited in those cases. Many of them are not directly in point and are not cited as being so, but upon the general principle involved. However, Modica v. State, 94 Texas Crim. Rep., 403; 251 S. W., 1049, (opinion on rehearing at page 1053) is directly in point and decisive of the question here involved. In that case the defendant was charged in the first count of the indictment with the theft of property alleged to belong to F. W. Mason, and in the fifth count with the theft of property alleged to belong to the Beaumont, Sour Lake & Western Railroad Company, Incorporated. Mason was the agent of the Railroad, and the transaction alleged in both counts was the same. The verdict of the jury found defendant to be guilty under the second and fifth counts and assessed his punishment at seven years' confinement in the penitentiary. The judgment was general condemning defendant to be guilty of the crime of theft. We quote from the opinion on rehearing as follows:

"From this (that is, the verdict) it appears that the jury have found appellant guilty of two felonies. They had no right to do it under our settled procedure. O'Bryan v. State, 27 Texas App., 339, 11 S. W., 443; Crawford v. State, 31 Texas Crim. Rep., 51, 19 S. W., 766; Carr v. State, 36 Texas Crim. Rep., 3, 34 S. W., 949; Pitts v. State, 40 Texas Crim. Rep., 667, 51 S. W., 906; Lovejoy v. State, 40 Texas Crim. Rep., 89, 48 S. W., 520.

"It is the duty of the courts to indulge every reasonable intendment in upholding the verdicts of juries. In doing this we have applied in some cases general verdicts to some one count submitted, where more than one appear, provided the punishment fixed be such as that it can be concluded that the jury intended to punish in but one case. General verdicts with minimum punishments have also been applied to good counts in cases where others were defective, but we know of no case in this State which upholds the doctrine that a verdict specifically finding the accused guilty under more than one count in a felony case, which affixed a punishment greater than the minimum, could be upheld."

The language just quoted is pertinent to the instant case. The learned trial judge was right in declining to require the State to elect upon which count they would seek a conviction, but fell into error in failing to direct the jury to specify in their verdict under which count, if either, they found appellant guilty, and in leaving them under the instruction given the privilege of finding guilty under both counts.

Many other interesting questions are presented in the brief for appellant but we pretermit a discussion of them as they may not arise in the same form upon another trial.

For the error discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*