LOUIS BARR v. THE STATE.

No. 8818.    Delivered January 25, 1925.

Possession of Mash—Reforming—Judgment.

Where the jury returned a verdict of guilty, as charged in the 4th count of the indictment, and the judgment entered by the court does not conform to the verdict, it will be here reformed directing that appellant be confined in the penitentiary for one year for the offense of the unlawful possession of mash for the purpose of manufacturing intoxicating liquor. Art. 838, C. C. P., Vernon's Tex. Crim. Stats., Vol. 2, p. 900, note 9. Following Pearson v. State, 257 S. W. 895, and other cases cited.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for the unlawful possession of mash for the purpose of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*T. A. Bledsoe,* of Abilene, for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful possession of mash for the purpose of manufacturing intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

The indictment contained several counts. The first charged the unlawful possession, the second charged the manufacture, the third charged the possession of equipment, and the fourth and fifth counts charged the possession of mash for the manufacture of intoxicating liquors.

Each of these counts was submitted to the jury. There was a verdict finding the appellant's guilt as charged in the fourth count of the indictment, namely, the possession of mash.

The court entered a judgment and sentence finding the appellant guilty of "possessing, manufacturing intoxicating liquors, and equipment and mash for the manufacture of the same."

There was ample evidence to support the finding of the jury that the appellant was in possession of mash for the purpose of manufacturing intoxicating liquor. There was also evidence supporting the other counts in the indictment.

The court properly instructed the jury, in the event of a verdict of guilty, to designate the count. The effect of the verdict is to acquit of all the offense except that charged in the fourth count of the indictment. Appellant insists that the case must be reversed because of the manner in which the judgment is entered, and cites Banks v. State, 246 S. W. Rep. 377. The judgment and sentence should have directed that the appellant be confined in the penitentiary for one year for the offense of the "unlawful possession of mash for the purpose of manufacturing intoxicating liquor." This being in accord with the verdict as applied to the charge of the court and the indictment, the judgment will be reformed by this court in accord with this view. The case of Banks v. State, supra, turns upon the question of election by the State, a subject which is not raised in the present case. The authority to reform a verdict and the propriety of doing so in a proper case is embraced in Art. 838, C. C. P., and this authority has often been exerted. See Vernon's Texas Crim. Stat., Vol. 2, p. 900, note 9; also Pearson v. State, 257 S. W. Rep. 895; Rambo v. State, 258 S. W. Rep. 827; Guse v. State, 97 Texas Crim. Rep. 212.

The judgment is reformed and affirmed.

*Judgment reformed and affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Appellant, by a motion verified by his affidavit, requests the privilege of withdrawing his motion for rehearing. His request is granted, and the mandate will issue upon the original affirmance.

*Mandate issued.*