L. A. Hufstetler v. The State.

No. 13385.   Delivered December 3, 1930.
Reported in 33 S. W. (2d) 461.

The opinion states the case.

*O'Neal & Harper* of Atlanta, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

L. A. Hufstetler and T. Z. Hufstetler, father and son, were jointly indicted. The indictment is in two counts, one count charging the unlawful possession of intoxicating liquor for the purpose of sale and the other count charging the unlawful possession of

mash for the purpose of manufacturing intoxicating liquor. The State's testimony tended to support these allegations.

In presenting appellant's defense, the court charged the jury:

"You are instructed as a part of the law in this case that it was not a violation of the law for the defendants to have intoxicating liquor in their possession, for use as a medicine only.

"Therefore, if you believe from the evidence that the defendants possessed the liquor in question for their own use for medicine only, and not for the purpose of selling the same, or if you have a reasonable doubt as to this, you will acquit the defendants, and say by your verdict, 'Not Guilty.' "

Appellant by timely exception objected to the presence in the charge of the word "only" and attempted to cure same by special requested instruction, his claim being that this would authorize a conviction of appellant if he possessed the whiskey for beverage purposes, and though it was not possessed for sale. A charge in practically the identical language was condemned in the case of Tetmeyer v. State, 26 S. W. (2nd) 266, where the reasons which make such charge erroneous are sufficiently set out, and will not be discussed.

It is claimed that the evidence of the officers touching the result of the search was inadmissible because the allegations of the affidavit for the search warrant were insufficient to authorize the search of a private residence, in that it was not therein alleged that such residence was a place where intoxicating liquors were either sold or manufactured. Without setting such instrument out in haec verba, we regard it as alleging only that the residence was a place which was "being used as a means of violating the whisky laws." It nowhere contains the allegations demanded by statute, and appears to be invalid as a basis for a search warrant, under the authority of Green v. State, 12 S. W. (2nd) 790, and Banks v. State, 14 S. W. (2nd) 280. However, evidence of the presence of the whisky and mash was given by appellant's co-indictee, who was his son, and who not only admitted the presence of the whisky without objection on the part of appellant, but gave certain testimony upon which appellant based his sole defense, and upon which the court based the only defensive charge given for appellant. The same fact testified to by the officers having been given by a witness without objection by appellant, and he having availed himself of such testimony as a basis for his defense, the error was harmless. See 4 Tex. Jur., Paragraph 414, where many authorities are collated.

Searching officers in the residence of appellant found four quarts and two pints of whisky deposited in a safe in the dining room Out in the yard, under a shed, they found a barrel of mash. Both counts were submitted to the jury, and the verdict of the jury reads as follows:

"WE, THE JURY, find the defendant L. A. Hufstetler, guilty as charged in both counts in the indictment, and assess his punishment at confinement in the penitentiary for a term of one year."

The sentence follows the verdict. Upon another trial the court should require the jury to designate, in the event of conviction, of which count they find appellant guilty, and refuse to accept a verdict finding appellant guilty of two distinct felonies. Guse v. State, 97 Tex. Crim. Rep. 212.

Because of the errors above discussed, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.