## TOM KING V. THE STATE.

No. 16121.  Delivered November 15, 1933.
Rehearing Denied, Without Written Opinion, December 20, 1933.
Reported in 65 S. W. (2d) 772.

The opinion states the case.

*Jno. M. Hatter,* of Waxahachie, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of unlawfully selling a bottle of liquor capable of producing intoxication, and his punishment assessed at confinement in the state penitentiary for a term of one year.

The appellant filed a motion to quash the indictment because the indictment merely charged that the appellant "did then and there unlawfully sell to Joe Lee Wardlaw one bottle of liquor capable of producing intoxication," and did not expressly follow article 666 of the Penal Code which makes it an offense to sell spirituous, vinous, or malt liquors or medicated bitters capable of producing intoxication, and that the state has wholly failed to charge the kind of liquor defendant is alleged to have sold whether it was spirituous, vinous, or malt liquors or medicated bitters, which motion of the appellant was by the court overruled and the appellant excepted.

Article 666 of the Penal Code of this state makes it an offense for any person to manufacture, sell, barter, exchange, transport, export, deliver, take orders for or furnish spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, or any other intoxicant whatever. It appears to us that from a reading of the statute that the indictment charges the offense of selling liquor capable of producing intoxication, and in support hereof we refer to the cases of

Tucker v. State, 251 S. W., 1090; Nowells v. State, 252 S. W., 550.

No other question being raised and no error appearing in the record before us, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.