Lester BOUTWELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–242–CR(T).

Court of Appeals of Texas, Austin.

June 8, 1983.

Malcom C. Smith, Austin (retained counsel), for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

Appellant was convicted of the offense of sexual abuse of a child. Tex.Pen.Code Ann.

§ 21.10 (1974). Trial was to the court, pursuant to a plea bargain, and appellant was sentenced to confinement in the Texas Department of Corrections for twenty years. Six grounds of error are specified in appellant's original brief. Upon submission of the appeal at oral argument, appellant requested leave to file a second brief containing additional grounds of error. Leave to file the brief was granted and we will address the three additional grounds of error contained therein.

The facts of this case have been chronicled in a previous opinion handed down by this Court. *Boutwell v. State*, 653 S.W.2d 100 (Tex.App.1983). We will not repeat such facts here, except as they become necessary to our subsequent discussion of grounds of error four, five, and six.

Appellant signed a judicial confession and pleaded guilty following the administration by the court of a full complement of admonishments, as required by law. Virtually the identical procedure was followed in his trial for the offense of indecency with a child. *See Boutwell v. State*, 653 S.W.2d 105 (Tex.App.1983). Earlier, in a jury trial for the offense of sexual abuse of a child (against a person different than the complainant in this appeal), appellant was found guilty and sentenced to confinement in the Texas Department of Corrections for twenty years. *Boutwell v. State, supra.*

At the outset, we note that appellant's first three grounds of error have been answered adversely to him in *Boutwell v. State, supra* [3–82–240–CR(T)]. We adopt the holdings of that opinion and, by doing so, overrule grounds of error one, two, and three. The arguments presented in grounds of error two and three of appellant's supplemental brief have been considered and rejected by the Court in *Boutwell v. State, supra* [3–82–241–CR(T)]. For the reasons stated in our opinion in that appeal, we overrule grounds two and three of appellant's supplemental brief.

In the first ground of error contained in appellant's supplemental brief, complaint is

made that the trial court denied appellant the right of cross examination of the State's witnesses by denying appellant discovery of the juvenile records of the State's witnesses. Appellant's argument before this Court in this regard rests primarily upon *Davis v. Alaska,* 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). *See and compare Boutwell v. State, supra* [3–82–240–CR(T)] *with Boutwell v. State, supra* [3–82–241–CR(T)]. Appellant's motion for discovery relative to this ground of error was withdrawn from consideration by the court at appellant's request and the State's acquiescence. Accordingly, appellant has failed to lay the proper predicate to complain. This ground of error is overruled.

■ Since appellant was tried before the court upon a plea of guilty, and the court assessed punishment which did not exceed the punishment recommended by the prosecutor and agreed to by appellant and his attorney, only matters raised by written motion filed prior to trial have been preserved for appeal. Tex.Code Cr.P.Ann. art. 44.02 (1979). Appellant filed two pre-trial motions that are pertinent to grounds of error four, five, and six of his original brief; they are appellant's "Motion in the Nature of a Plea in Bar" and appellant's "Plea of Former Convict." The court denied both motions.

Grounds four and five argue that the court erred in denying these motions because appellant's prosecution for this offense was barred by the doctrines of carving, double jeopardy, or former convict. We disagree. The carving doctrine was abolished in *Ex parte McWilliams,* 634 S.W.2d 815, 822 (Tex.Cr.App.1980). There can be no violation of a doctrine that no longer exists.

■ Ordinarily to determine if the double jeopardy provisions of the constitution have been violated:

[t]he applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932); *Ex parte Scott,* 633 S.W.2d 823, 825 (Tex.Cr. App.1980). The *Blockburger* rule is inapplicable to this appeal, however, since appellant was convicted of sexually abusing Anthony Lawrence, and at the time of this conviction, appellant's only other conviction was for sexually abusing Mark Burkett. *See Boutwell v. State,* supra [3–82–240–CR(T)]. The State stipulated that both crimes arose out of one continuous course of conduct at the same residence on the same date. However, we hold that each crime was a product of a separate and distinct transaction and constituted a separate offense. *See Harris v. State,* 516 S.W.2d 931, 934 (Tex.Cr.App.1974). This being so, the argument that appellant has "for the same offense [been] twice put in jeopardy of life or limb" must be rejected. *Hoag v. New Jersey,* 356 U.S. 464, 466–70, 78 S.Ct. 829, 831–34, 2 L.Ed.2d 913 (1958).

Appellant's final ground of error in this appeal, properly preserved through a pretrial motion, relies upon the equal protection clause of the United States Constitution and Tex.Const.Ann. art. I, § 3a (Supp. 1982).

■ Texas Pen.Code Ann. § 3.01 defines "criminal episode" to mean "the repeated commission of any one offense defined in Title 7" of the Code of Criminal Procedure. That title enumerates the offenses against property. As may be observed, this definition does not apply to offenses against persons (Tex.Pen.Code Ann. Title 5).

■ The restrictive application of this definition dictates that the settled rule that, "when in the same indictment two or more felonies are alleged in different counts, the accused may be convicted of only one count" does not apply to offenses against property, but also guarantees that the acquiescing accused's ultimate sentences will run concurrently. *See Gordon v. State,* 633 S.W.2d 872, 877 (Tex.Cr.App.1982). When Tex.Pen.Code Ann. § 3.03 is examined in

light of the above-stated rule, it becomes clear that it extends an absolute right to concurrent sentences—but nothing more.

Appellant's sentence in this appeal was ordered to run concurrently with two previous sentences. *See Boutwell v. State, supra* [3–82–240–CR(T) ]; *Boutwell v. State, supra* [3–82–241–CR(T) ]. Consequently, appellant was not denied any benefit given to others through application of Tex.Pen.Code Ann. § 3.01. It is a basic rule that, when challenging the constitutionality of a statute, it is incumbent upon the defendant to show that in its operation, the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient. *Ulster County Court v. Allen,* 442 U.S. 140, 154–55, 99 S.Ct. 2213, 2223–24, 60 L.Ed.2d 777 (1979); *Parent v. State,* 621 S.W.2d 796, 797 (Tex.Cr.App.1981). Having shown no deprivation of rights different from the general public, appellant may not successfully challenge the constitutionality of Tex.Pen.Code Ann. § 3.01.[1] We overrule appellant's ground of error.

The judgment of conviction is affirmed.

SHANNON, J., not participating.

---

1. We note that the Practice Commentary to Tex.Pen.Code Ann. § 3.01 explains that the joinder provisions of Chapter 3 of the Penal Code, when used in conjunction with portions of Chapter 7 of the Code, permit aggregation of the amounts stolen or defrauded to determine the grade of certain offenses. Were we to reach the question, we think this distinction alone would provide a sufficient rational basis for the application of the § 3.01 definition only to offenses against property.