**Ex parte Antonio SILLER.**

No. 69353.

Court of Criminal Appeals of Texas, En Banc.

Feb. 27, 1985.

Rehearing Denied March 27, 1985.

Nancy B. DeLong, Huntsville, for appellant.

Sam D. Millsap, Jr., Dist. Atty. and Edward F. Shaughnessy, III, Asst. Dist. Atty., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is an application for habeas corpus seeking relief from consequences of a conviction pursuant to Article 11.07, V.A.C.C.P. Basically applicant contends that out of the same *"criminal episode"* or transaction he has been twice convicted in one trial on a single indictment, whereas the law allows only one conviction and punishment in the premises.[1] We agree and grant relief.

In Cause No. 82–CR 2231 in the 289th Judicial District Court, Bexar County, the indictment contains two counts: the first alleges that on the 25th day of April, 1982 appellant had sexual intercourse with a named female younger than 17 who was not his wife and was younger than 14 years of age; the second avers that on the same day appellant did engage in sexual contact with the same female child by touching her vagina with intent to arouse and gratify his own sexual desire. On his plea of not guilty the case was tried to a jury that returned a verdict of guilty on each count and then assessed punishment at confinement in the Texas Department of Corrections for 30 years and 10 years, respectively. In a single judgment the trial court adjudicated guilt of each offense and imposed separate sentences to run concurrently. On appeal the Fort Worth Court of Appeals affirmed in an unpublished opinion.

Applicant swears both offenses arose out of the same "criminal episode;" the local prosecuting attorney impliedly acknowledges they occurred in one transaction; the judge of the convicting court specifically found that "both offenses arose out of the

same transaction." That is the premise on which we shall proceed.

■ The propriety of charging two or more offenses from a single transaction aside for the moment, it is settled law in this State that regardless of allegations in a charging instrument the consequence of a general verdict of guilt, as all predecessors to Article 37.07, V.A.C.C.P., mandated, is but one conviction and one punishment. *Drake v. State,* supra. Thus, applicant is entitled to appropriate relief unless the law has been changed by some authoritative judicial pronouncement or valid legislative enactment.

The State concedes that based on "the current state of the law it appears that the procedure utilized by the trial court was improper in that it allowed for more than one conviction arising out of a single indictment." It further concedes that rule of law "remains intact" despite abolition of the "carving doctrine" in *Ex parte McWilliams,* 634 S.W.2d 815 (Tex.Cr.App.1982). The State disassociates itself from what it concedes is still the law; it urges upon this Court two bases for finding that the prohibition against multiple convictions on a multiple count indictment is no longer "a valid rule of law."

First ground is that without the "carving doctrine" there is no foundation for the rule. The judge of the convicting court opined that "the procedural aspect of the carving doctrine disallowing multiple verdicts from a multiple count indictment was not addressed by the Court of Criminal Appeals and remains intact;" however, he perceives that the *Blockburger* test (see *McWilliams,* supra) permits the State to prosecute the two offenses alleged in this indictment and to obtain a verdict on each,

---

**1.** Though Article 27.05, V.A.C.C.P. uses the term "criminal episode," it is not defined in the procedural code. In the penal code "criminal episode" is defined only in V.T.C.A. Penal Code, § 3.01—"the repeated commission of any one offense defined in Chapter 7 of this code (*Offenses Against Property* )"—and that definition is expressly just for purposes of Chapter 3. See *Boutwell v. State,* 653 S.W.2d 108, 110–111, n. 1 (Tex.App.—Austin 1983), review granted on oth-

er grounds and pending. Accordingly, unless Chapter 3 is implicated, and it is not here, practitioners and courts would be well advised to avoid loosely using the term. *Drake v. State,* —— S.W.2d —— (Tex.Cr.App. No. 148–84, delivered this day.)

All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

and allows the trial court to enter judgment on each and to impose separate sentences.

In *Drake* we examined the carving doctrine in juxtaposition with the common law rules of joinder of offenses, and concluded one is independent of the other. Carving meant that the State could cut as much as it desired out of one *transaction* and allege what it had carved in a single indictment, whereas restricting the State to but one conviction from that single *indictment* was a feature of the common law that in Texas was soon incorporated into statutory law for criminal actions.[2]

Secondly, the State urges and the judge of the convicting court agreed that intent of the Legislature in adding §§ 1(c) and 2(c) to Article 37.07, V.A.C.C.P., was to enable the State to obtain in one trial valid multiple convictions for offenses other than offenses against property alleged in a single indictment. We find such was not at all the intent nor is it the effect.

As revised in 1965, § 1 of Article 37.07, V.A.C.C.P., provided:

"1. The verdict in every criminal action must be general. When there are special pleas on which a jury is to find, it must say in its verdict that the allegations in such pleas are true or untrue. If the plea is not guilty, it must find that the defendant is either guilty or not guilty."

Section 2 set forth an "alternate procedure" authorizing a bifurcated trial.

In the next session § 1 was amended by Acts 1967, 60th Leg., Ch. 659, § 22, p. 1739. Added were an "exception" and a clause:

"and, except as provided in Section 2, they shall assess the punishment in all cases where the same is not absolutely fixed by law to some particular penalty."[3] Section 2 remained the "alternate procedure," albeit modified somewhat in particulars not relevant to this examination. There was neither a subsection (b) or (c) to § 1 nor a (c) to § 2. They came as conforming amendments to implement the new penal code. See Acts 1973, 63rd Leg., Ch. 399, 971, § 2(A), reproduced in 4 V.T.C.A. Penal Code 365 ff.

Along with those amendments to Article 37.07 the Legislature introduced its own concept of multiple prosecution just for repeated commission of an offense against property only, pursuant to V.T.C.A. Penal Code, Chapter 3, and necessarily sought to render former Article 21.24, V.A.C.C.P., compatible with those new provisions. See *Drake*, supra, for development of legislative history of Article 21.24 and its ramifications and consequences, as we understand them.

Having thus rewritten provisions for consolidation and joinder of certain property offenses for trial, and since those multiple prosecutions might well bring about multiple punishments under § 3.03, the Legislature turned its attention to Article 37.07. The last sentence of subsection (a) of § 1 became subsection (b), and a new subsection (c) was added to coincide with changes made in Article 21.24; it reads:

"(c) If the charging instrument contains more than one count or if two or more offenses are consolidated for trial *pursuant to Chapter 3 of the Penal*

---

2. The common law and Texas statutes from Old Code art. 626 through all its successors to Article 37.07, § 1(a) provided that the verdict in every criminal action "shall be general." That meant that "where there are several counts in an indictment, on the bringing in by the jury of a general verdict the court will apply the verdict to any *one* of the several counts and order judgment and sentence accordingly." *Southern v. State*, 34 Tex.Cr.R. 144, 29 S.W. 780, 781 (1895). *Arnett v. State*, 105 Tex.Cr.R. 132, 286 S.W. 989 (1926), collects many authorities for the proposition that "if there be two counts and both are submitted and a general verdict is returned the judgment [on one count] will be

upheld." And if one count is "good" and supported by sufficient evidence and the other is "bad" or not supported, "a general verdict is also proper, and would be assigned to the good count," *Boren v. The State*, 23 Tex.App. 28, 4 S.W. 463, 466 (1887), With deference, carving had no such procedural aspect and Mr. Bishop, himself, regarded it as a "different question." See *Whitford v. State*, 24 Tex.App. 489, 6 S.W. 537, at 538 (1887).

3. We note that in practical effect the "exception" seems to consume the clause following it, rendering the clause superflous.

*Code,* the jury shall be instructed to return a finding of guilty or not guilty in a separate verdict as to each count and offense submitted to them."

Subsections (a) and (b) of § 2 remained substantially the same, but a new subsection (c) was added, *viz*:

"(c) Punishment shall be assessed on each count on which a finding of guilty has been returned." [4]

Given a consistently developing legislative history reflected in the materials discussed *ante* and in *Drake,* then, all the affirmative evidence is that § 1(c) and § 2(c) were added to Article 37.07 to effectuate the provisions for "multiple prosecutions" of offenses against property constituting a criminal episode within the meaning of § 3.01. Negatively, since the Legislature rejected the broader definition of "criminal episode" proposed in the Blue Book and proposed conforming amendments to the code of criminal procedure related to that definition—a packaged statutory scheme to accomplish much of what the State now claims—one would be most irrational to conclude that the Legislature designed the amendments to implement what demonstrably it had refused to accept. See generally *Gordon v. State,* 633 S.W.2d 872, 876–877 (Tex.Cr.App.1982) and *Stevens v. State,* 667 S.W.2d 534, 536–538 (Tex.Cr.App.1984).

Furthermore, there is not to be found from any source an indication that in adding § 1(c) and § 2(c) to Article 37.07 in 1973 the Legislature intended to authorize multiple convictions of offenses generally. To say that they are not forbidden by statute begs the question. The law applicable to a given situation need not be in black letters, nor appear as a "brightline" rule. It is enough that our appellate courts have uniformly held before and after article 433

was inserted in the revision of the code of criminal procedure in 1879 that multiple convictions may not be had on two or more counts in a single indictment alleging offenses arising out of the same transaction.

■ Accordingly, applicant is entitled to relief. Count I alleged aggravated rape and the judgment indicates that the jury first found appellant guilty of that offense. Therefore, the judgment in Cause No. 82–CR 2231 of the 289th Judicial District Court, Bexar County, is reformed to read that applicant is "guilty of the offense of aggravated rape" only, and assessment of punishment at confinement for ten years for the offense of indecency with a child and imposition of sentence for a term of ten years for the latter offense are vacated and set aside. The Clerk of this Court shall forward a certified copy of this opinion to the Texas Department of Corrections.

WHITE, J., not participating.

TEAGUE, J., concurs in the result. He will later file a concurring opinion.

TEAGUE, Judge, concurring.

Antonio Siller, applicant, asserts through a post-conviction application for writ of habeas corpus, see Art. 11.07, V.A.C.C.P., that his judgment of conviction for indecency with a child is void because it was founded upon an indictment which charged not only the offense of indecency with a child but also charged the offense of rape of a child.

Siller was convicted on a single indictment of the offenses of rape of a child and indecency with a child. The majority correctly holds that only one of his convictions is valid.

**4.** The Blue Book proposed that assessing punishment be made a part of sentencing and, except for the jury recommending probation or the State seeking the death penalty, all sentencing, i.e., punishment was to be determined by the trial court. See *id.,* "Sentencing Procedure," articles 42.02–42.12, at 402–416. However, the Legislature retained the "alternate procedure" by which the court assessed punishment unless accused opted for a jury to do so. Thus subsection (c) applies equally to court and jury, and is consistent with the added requirement of subsection (c) of § 1 that separate verdicts be returned and, it would follow, that a trial court make separate findings of guilt.

Notwithstanding that an indictment or information may contain as many distinct counts charging the same offense as is thought necessary by the prosecutor to meet the proof as it transpires, see Art. 21.24, V.A.C.C.P.; *Ex parte Easley,* 490 S.W.2d 570 (Tex.Cr.App.1972), and the cases cited on page 571; *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978); *Hicks v. State,* 508 S.W.2d 400 (Tex.Cr.App.1974); *Breeden v. State,* 438 S.W.2d 105 (Tex.Cr. App.1969); *Lewis v. State,* 638 S.W.2d 148 (Tex.App.-El Paso 1982) (P.D.R. Refused 1982), up until January 1, 1974, when the New Penal Code became effective, when a single indictment charged two or more distinct felonies in different counts, whether or not the offenses were property or non-property offenses, the accused could be convicted of only one count of the indictment. See *Garcia v. State,* 574 S.W.2d 133, 134 (Tex.Cr.App.1978); *Santoscoy v. State,* 596 S.W.2d 896 (Tex.Cr.App.1980); *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr. App.1978); *Jordan v. State,* 552 S.W.2d 478 (Tex.Cr.App.1977); *Beaupre v. State,* 526 S.W.2d 811 (Tex.Cr.App.1975); *Ex parte Easley,* supra; *Monroe v. State,* 146 Tex.Cr.R. 239, 172 S.W.2d 699 (1943); *Hufstetler v. State,* 116 Tex.Cr.R. 175, 33 S.W.2d 461 (1930); *Hill v. State,* 109 Tex. Cr.R. 635, 6 S.W.2d 763 (1928); *Nowells v. State,* 94 Tex.Cr.R. 571, 252 S.W. 550 (1923); *Banks v. State,* 93 Tex.Cr.R. 117, 246 S.W. 377 (1922); *Crawford v. State,* 31 Tex.Cr.R. 51, 19 S.W. 766 (1892).

In that instance, the State was required to elect which count of the indictment it intended to proceed on, abandoning the others, or the counts had to be considered by the fact-finder in a conditional manner. Whether trial was to the court or the jury, a verdict of guilty could be reached as to any count, but not more than one. The State was not, however, required to make an election, but if it did not, conditional submission was mandatory. See *Jordan,* supra; *Koah v. State,* 604 S.W.2d 156 (Tex. Cr.App.1980); *Crocker,* supra. Thus, the law as it existed prior to January 1, 1974, was clear: Whenever a single indictment charged two or more distinct felonies in different counts, and regardless of whether the offenses were property or non-property offenses, the accused could be convicted of only one count of the indictment. The above all inclusive rule of law remained the law of this State until the present Penal Code became effective on January 1, 1974.

However, Art. 21.24(a), V.A.C.C.P., in no uncertain terms now expressly provides that "Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, *if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.*" (My Emphasis.) V.T.C.A., Penal Code, Section 3.02(a) also provides in no uncertain terms that Penal defendants may be prosecuted in a single action for all offenses "arising out of the same criminal episode." The term "Criminal Episode" is defined in V.T. C.A., Penal Code, Section 3.01, to mean "the repeated commission of any one offense defined in Title 7 of this Code (Offenses Against Property)." Thus, it is only in the instance when an indictment alleges multiple offenses, and such offenses are offenses against property, that multiple convictions may be obtained on a single indictment. In this instance, it is obvious that the offenses of aggravated rape of a child and indecency with a child are not offenses against property, nor do they involve "the repeated commission of any one offense defined in Chapter 7 of the Penal Code (offenses against property)." Thus, in this instance, the offenses of aggravated rape of a child and indecency with a child were improperly joined by the State in the same indictment in this cause, and, under the above rules of law, there can only be one valid conviction.

However, if the judgment of conviction can be reformed, it will be reformed to reflect conviction on only one count of the indictment. *Barr v. State,* 100 Tex.Cr.R. 533, 271 S.W. 624 (1925). In this instance, it is possible to reform Siller's judgment of conviction to reflect that he stands convicted and sentenced only for the offense of aggravated rape of a child, which was the

first verdict that the jury returned in this cause. Thus, the majority correctly reforms applicant's judgment of conviction.

Notwithstanding that I agree with the majority that it has reached the correct result in this cause, I also find that it is unfortunate that unnecessary and weedy language has cropped into the opinion. I believe that in this instance this happened when the author of the opinion was attempting to answer some outlandish, ridiculous, asinine, or outrageous suggestion that one of the parties to the lawsuit made, perhaps, under the guise that you never know what spoiled and damaged goods the Court might be buying on that particular day. In this instance, this cause is governed by the provisions of Art. 21.24, V.A.C.C.P., and this Court's past decisions interpreting and construing the present statute as well as its predecessors. Notwithstanding some weedy language in the majority opinion, the Court reaches the correct result in holding that Siller, the applicant, was subject to only one punishment.

However, if it was formerly well established that multiple sentences for non-property offenses could not be obtained on separate counts in the same indictment, then how can one square up what the Court holds in this cause with what this Court held in *Drake v. State,* 686 S.W.2d 935 (Tex. Cr.App.1984.) If the "failure to demand an election or to protest conviction for each separate offense" precludes a defendant from complaining on appeal or by way of post-conviction writ of habeas corpus, see *Drake v. State,* supra, then why does applicant Siller obtain any relief in this cause? *Drake v. State,* supra, was wrongly decided.

Whenever a single indictment charges two or more distinct non-property felonies in different counts, the accused may be convicted of only one count. *Gordon v. State,* 633 S.W.2d 872 (Tex.Cr.App.1982); *Garcia v. State,* supra; *Beaupre v. State,* supra; *Ex parte Easley,* supra; *Monroe v. State,* supra; *Wimberley v. State,* 94 Tex. Cr.R. 1, 249 S.W. 497 (1923). Failure to so

treat multiple non-property counts in an indictment requires reversal even when the defendant does not raise the error on direct appeal. Such may be attacked in a collateral proceedings. *Garcia v. State,* supra; *Beaupre v. State,* supra; *Ex parte Easley,* supra.

For the above and foregoing reasons, I respectfully concur.

MILLER, J., joins.