Willie Edward TAYLOR, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 09 83 246 CR.

Court of Appeals of Texas,
Beaumont.

May 1, 1985.

Opinion on Motion for Rehearing
June 6, 1985.

Rehearing Denied June 6, 1985.

Phillip W. Swisher, Conroe, for appellant.

William H. Behler, Conroe, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was charged in the same indictment with burglary of a habitation with intent to commit rape, burglary of a habitation with intent to commit theft, and aggravated rape. He was tried by a jury which convicted him on all three felonies, and the jury assessed his punishment on each of such convictions at ninety-nine years confinement in the Texas Department of Corrections. Appeal has been perfected to this Court.

Appellant's first ground of error states:

"The trial court committed reversible error by admitting the in-court identification of Appellant by Ms. Davis, as the identification was the result of an illegal lineup."

Ms. Davis had been raped by the same man once before the incident in question. She was shown photographs of similar black men she described to the police, and made a tentative but not positive identification of appellant. She positively identified appellant at the lineup challenged. Appellant was not under arrest at the time. Appellant cites us *United States v. Edmons*, 432 F.2d 577 (2nd Cir., 1970). There, the F.B.I. made pretext arrests, including defendant, to have them seen by assault victims. The Court wrote, at page 584:

"When the police ... make an arrest in deliberate violation of the Fourth Amendment for the very purpose of exhibiting a person before the victim and with a view toward having any resulting identification duplicated at trial, the fulfillment of this objective is as much an exploitation of 'the primary illegality' as where a defendant is arrested without probable cause in the expectation that a search or the taking of fingerprints ... will yield evidence that will convict him of a crime....

"... The Government 'exploits' an unlawful arrest when it obtains a conviction on the basis of the very evidence, not shown to have been otherwise procurable, which it hoped to obtain by its unconstitutional act...."

First, there was evidence that appellant went to the lineup voluntarily, and the trial court so found in a *Jackson v. Denno* hearing. Such a hearing in Texas law makes the trial judge exclusive judge of the facts presented at the hearing; his findings will not be disturbed on appeal if supported by the record. *Green v. State*, 615 S.W.2d 700 (Tex.Crim.App.1980); *McKittrick v. State*, 541 S.W.2d 177 (Tex. Crim.App.1976).

Second, the holding of the *Edmons* decision, *supra* seems most certainly weakened by *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980).

In *Crews, supra*, a lady was accosted and robbed at gunpoint in the women's restroom at the Washington Monument. The victim and victims of like incidents gave the police similar descriptions of the robber. Thereafter, a young man, defendant, was taken into custody and photographed at police headquarters. He was then released without charge. The following day, the victim of the first robbery identified the young man, through use of the photograph, as being the culprit. *She later made a positive identification at a court-ordered lineup.* The trial court ruled that the identifications by the lineup and photograph could not be introduced at trial, but that an in-court identification was admissible. On appeal, it was held that even the in-court identification should be suppressed.[1]

Five members of the United States Supreme Court (in *Crews*) agreed that the illegal arrest does not require the suppression of the defendant's face as the fruit of the illegal arrest. The reasoning was that the victim's ability to identify the accused was not derived from, and the victim's presence was not traceable to any police misconduct violative of the Fourth Amend-

1. Defendant had contended and convinced the court that his detention by the police on truancy charges had been merely a pretext to allow the police to obtain evidence for the robbery investigation. *See id.*

ment. Or, to put it in the words of the Court (445 U.S. at 472, 100 S.Ct. at 1250, 63 L.Ed.2d at 546):

"Nor did the illegal arrest infect the victim's ability to give accurate identification testimony. Based upon her observations at the time of the robbery, the victim constructed a mental image of her assailant. At trial, she retrieved this mnemonic representation, compared it to the figure of the defendant, and positively identified him as the robber. No part of this process was affected by respondent's illegal arrest. In the language of the 'time-worn metaphor' of the poisonous tree, *Harrison v. United States*, 392 US 219, 222, 20 L Ed 2d 1047, 88 S Ct 2008 [2010] (1968), the toxin in this case was injected only after the evidentiary bud had blossomed; the fruit served at trial was not poisoned." [2]

The conjecture, if any there is, has been put to rest by our Court of Criminal Appeals in *Pichon v. State*, 683 S.W.2d 422, 426 (Tex.Crim.App.1984):

"We find the instant case [3] is settled by Justice Brennan's majority opinion in *Crews*, and perforce the victim's in-court identification of the appellant had no causal relationship to the illegal arrest, nor was there any primary taint under *Wong Sun* [*v. U.S.*], supra.[4] *We further specifically adopt Justice White's reasoning in Crews, and hold that a defendant's face cannot be a suppressible fruit of an illegal arrest....*" (emphasis added)

This ground of error is overruled.

Appellant's ground of error number two is multifarious and, therefore, presents nothing for review. *Madrid v. State*, 595 S.W.2d 106 (Tex.Crim.App.1979); *Ely v. State*, 582 S.W.2d 416 (Tex.Crim.App.1979); *TEX.CODE CRIM.PROC.ANN. art. 40.-09(9)* (Vernon Supp.1985); *TEX.R.CRIM. APP.P. 202(a)*.

Appellant's ground of error number three follows:

"The indictment is fundamentally defective as it pertains to the aggravated rape count because it fails to allege any threat of serious bodily injury was to be imminently inflicted."

■ Appellant is perfectly correct in that this was the rule. *See McDaniel v. State*, 642 S.W.2d 785 (Tex.Crim.App.1982). However, *TEX.PENAL CODE ANN. sec. 21.03* was amended by Acts 1981, 67th Leg., p. 203, Ch. 96 (effective September 1, 1981), which added Section 21.03(a)(4) providing that a rape would be aggravated if the actor "uses or exhibits a deadly weapon in the course of the same criminal episode." It is true appellant found Ms. Davis' pistol after he had finished his rape. However, he later pointed it at her head and threatened to use it. We find that his conduct meets the requirements of the amended statute. This ground of error is overruled. This disposes of ground of error number four, and it is likewise overruled.

Appellant's ground of error number five follows:

"The trial court committed reversible error because after assessing punishment in the first count of the indictment, for burglary of a habitation with intent to commit rape, the Court was without authority to enter judgment and sentence as to the other burglary and rape conviction since multiple sentences cannot be obtained on separate counts in the same indictment."

Appellant correctly quotes *Martinez v. State*, 662 S.W.2d 393 (Tex.App.—Corpus Christi 1983, pet. ref'd), which has previously been understood to be the Texas rule:

---

2. A majority left open the question whether a defendant's face can be considered a suppressible fruit of an illegal arrest. This answer seems to be in the negative. *See Frisbie v. Collins*, 342 U.S. 519, 96 L.Ed. 541, 72 S.Ct. 509 (1952). *See also*, Justice White's concurring opinion in *Crews* (445 U.S. at 477–479, 100 S.Ct. at 1253–1254, 63 L.Ed.2d at 550).

3. In which a lineup, among other means, was employed.

4. 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

"Whenever a single indictment charges two or more distinct felonies in different counts, the accused may be convicted of only one count." The one conviction per indictment rule made sense [5] when the "carving doctrine" was the rule in Texas. Now that it has been abolished in *Ex parte McWilliams*, 634 S.W.2d 815, 822 (Tex. Crim.App.1982), on rehearing, we see no rationale in distinguishing between those cases where separate indictments are involved and cases, such as the one at bar, where a single indictment is involved. This ground of error is overruled.

Appellant's sixth and final ground of error states:

"The indictment is fundamentally defective regarding counts I and II, the burglary counts, because it exposed Appellant to trial and multiple punishments contrary to the prohibition against double jeopardy contained in both the United States and Texas Constitutions."

■ To recap, Count I of the indictment alleges burglary of a habitation with intent to commit rape; Count II of the indictment alleges burglary of a habitation with intent to commit theft. Appellant cannot be convicted on both counts. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). We, therefore, order that a judgment of acquittal be entered for appellant for Count II, viz: burglary of a habitation with intent to commit theft. This ground of error is sustained.

As reformed, the judgment of the trial court is affirmed.

Affirmed as reformed.

### ON MOTION FOR REHEARING

■ Appellant's motion for rehearing cites us *Ex parte Siller*, 686 S.W.2d 617 decided by the Court of Criminal Appeals on February 27, 1985, contending,

"The trial court committed reversible error because after assessing punishment in the first count of the indictment, for burglary of a habitation with intent to commit rape, the Court was without authority to enter judgment and sentence as to the other burglary and rape conviction since multiple sentences cannot be obtained on separate counts in the same indictment."

We have carefully examined *Ex parte Siller, supra,* and we find that it indeed supports appellant's above quoted contention. We, therefore, set aside and vacate the trial court's convictions and sentences in Counts 2 and 3 of the indictment, i.e., burglary of a habitation to commit theft (which our opinion has already vacated), and aggravated rape.

In all other respects, appellant's motion for rehearing is overruled.

**5.** *See Tatum v. State,* 534 S.W.2d 678 (Tex.Crim. App.1976); *Thompson v. State,* 495 S.W.2d 221 (Tex.Crim.App.1973).