**Carlos Clemente RODRIGUEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–86–00374–CR.

Court of Appeals of Texas, San Antonio.

April 15, 1987.

---

Lauro Benavides, Laredo, for appellant.

Anna L. Cavazos, Asst. Dist. Atty., Laredo, for appellee.

Before, ESQUIVEL, BUTTS and CANTU, JJ.

## OPINION

BUTTS, Justice.

This is an appeal from a conviction for burglary. TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974). Punishment was assessed at three years' confinement, and sentence was probated.

Appellant filed his motion to set aside Count II of the indictment, which was denied. In point of error one he asserts that Count II is insufficient in law in that it is vague, indefinite, incomprehensible, and does not set out the offense in plain and intelligible words.

In a two-count indictment, the first count (Count I) alleges burglary of a building, and the second count (Count II) alleges theft. The allegations demonstrate that while these are offenses against property arising from the same transaction, they do not come within the "same criminal episode" definition. *Jordan v. State,* 552 S.W.2d 478 (Tex.Crim.App.1977); *see* the discussions in *Drake v. State,* 686 S.W.2d 935 (Tex.Crim.App.1985) and *Ex parte Siller,* 686 S.W.2d 617 (Tex.Crim.App.1985) pertaining to separate counts in a single indictment. Article 21.24(a), TEX.CODE CRIM.PROC.ANN. (Vernon Pamp.1987) provides:

> Two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offenses arise out of the same criminal episode, as defined in Chapter 3 of the Penal Code.

■ Since the amendment of article 21.-24 in 1973, it appears that only one offense may be charged in a single indictment, although different allegations contained in separate counts may be utilized to meet the contingencies of proof in a case. The exception to this rule is separate offenses meeting the definition of "same criminal episode" in TEX.PENAL CODE ANN. § 3.01 (1974). Therefore, in the instant case the allegations constituting two separate and distinct offenses, burglary and theft, should not have been combined in two counts in a single indictment. Article 21.24.

However, appellant's objection to the indictment went to the vagueness of description of property and want of notice in the theft case. He argues on appeal there could be no plea in bar of a subsequent prosecution for the same offense based on those allegations. Appellant did not urge that the indictment charged more than one offense in violation of article 21.24.

At trial the jury was charged on both offenses, burglary and theft. The jury was further instructed that in the event

appellant was found guilty, it could find him guilty on only one count. The jury found appellant guilty only of burglary.

■ While the jury should not have considered these two distinct offenses presented in a single indictment, even though they arose from the same criminal transaction, *see e.g. Vannerson v. State*, 408 S.W.2d 228 (Tex.Crim.App.1966), we find any error was harmless error. The jury found appellant guilty of burglary. Punishment was assessed on the burglary conviction only, precluding fundamental error as in *Ex parte Siller, supra*. When a single indictment charges two or more distinct felonies in different counts, other than those permitted pursuant to article 21.24(a) and section 3.01, *supra*, the State may abandon or dismiss all except one offense. Or the trial court may set aside all but one count in the indictment on proper motion. In any event, the accused may be convicted of only one count (offense).

Returning to the point of appellant's objection to the indictment, we agree that the description of the property ("assorted watches and assorted jewelry, of the total value over $20,000.00") is vague. *See,* TEX.CODE CRIM.PROC.ANN. art. 21.09 (Vernon Pamp.1987). Since the jury found appellant guilty only of the offense of burglary, however, the error, if any, in overruling appellant's motion to quash the indictment as to the theft allegations is harmless error. The error in submitting Count II (theft charge) to the jury is also harmless error under the circumstances of this case.

A burglary occurred on September 20, 1985, and fingerprints were lifted at the scene. Appellant was detained on October 4, 1985, as a suspect in another possible burglary of the same building.

The detaining officer read appellant his *Miranda*[1] warnings and asked appellant to accompany him to the police station. There, with appellant's consent, another officer took samples of appellant's fingerprints. The first officer returned appellant to the place where he was initially detained and told him he was free to go. Later comparisons revealed that appellant's fingerprints matched those obtained during the September 20th burglary investigation.

In his second point of error appellant claims that his fingerprints were taken as a result of an illegal arrest, arguing want of probable cause to detain appellant and take samples of his fingerprints. He maintains admission into evidence of the fingerprint exemplars constituted a violation of his constitutional right to abstain from involuntarily incriminating himself and to be protected from unreasonable search and seizure under Texas law.

In *Jones v. State*, 522 S.W.2d 470 (Tex. Crim.App.1975), the Texas Court of Criminal appeals faced a similar set of facts. In that case the defendant was known to have been in the vicinity of the offense at the time of the crime, and he was seen leaving there. Officers went to the defendant's house the following day and asked the defendant to go with them to police headquarters and talk with them about his presence near the scene of the crime. Once at the station the defendant consented to be fingerprinted. Only after it was determined that appellant's prints matched those found at the scene did the officers administer the *Miranda* warnings. The court held that the defendant's fingerprints were admissible. *Id.* at 473.

■ In this case appellant was seen walking away from an apparent burglary. The detaining officer read appellant his *Miranda* rights *before* asking him to go to the police station. Appellant forfeited no constitutional privilege. The officer who took appellant's prints was engaged in an investigative effort. *See Ancira v. State*, 516 S.W.2d 924 (Tex.Crim.App.1974). However, even if we assume appellant was detained without probable cause, fingerprinting does not come within the scope of the Fifth Amendment privilege against self incrimination. *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). Further no violation of TEX. CONST. art. I § 9 exists. *Compare Patterson v. State*, 598 S.W.2d 265 (Tex.Crim.

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

App.1980). Appellant's second point of error is overruled.

 In his third point of error appellant contends the trial court should have granted his motion for instructed verdict because the State failed to prove ownership as alleged in the indictment. The allegation was that appellant entered the building owned by *Kush* Samtani. However, during the course of the trial, appellant established that *Ramchand* Samtani, Kush's father, actually was the title owner of the building. The evidence also showed that Kush Samtani occasionally helped out at his father's store, and had keys to the building.

The rule in Texas is that ownership may be proved by showing that the individual who is named the owner in the indictment had title, possession, or greater right to possession than the defendant. TEX.PENAL CODE ANN. § 1.07 (24) (Vernon 1974); *Compton v. State,* 607 S.W.2d 246 (Tex.Crim.App.1980). The owner's son, Kush Samtani, unquestionably had a greater right to possession of the building than appellant. We therefore overrule appellant's third point of error and affirm the judgment.