**Noel Gene WEAVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–81–0217–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

March 25, 1982.

Opinion on Motion for Rehearing June 3, 1982.

Rehearing Denied Aug. 19, 1982.

Discretionary Review Refused Nov. 10, 1982.

**421**

Paul R. Lawrence, Houston, for appellant.

Alvin M. Titus, Ray Elvin Speece, Houston, for appellee.

Before DUGGAN, WARREN and DYESS, JJ.

DUGGAN, Justice.

Appellant was convicted by a jury of securities fraud under Article 581–29(C), V.A.C.S., commonly known as the Blue Sky Law. His punishment was assessed by the jury at seven years confinement with a five thousand dollar fine.

The record shows that appellant sold to the complainant certain 8% convertible debentures of $3,000 face value issued by an enterprise called Can of Worms, Inc., a business venture formed to produce and market cans of worms as novelty items. Similar securities were sold to other persons, but such transactions are not in issue. Can of Worms, Inc., was contractually obligated to buy worms from Worm Enterprises, the latter entity being a group of worm growers of which the complainant was an investor-member. While appellant had told complainant that proceeds from the debentures would be used to begin operations for Can of Worms, Inc., and that a complete return on appellant's investment was guaranteed, most of the proceeds were apparently used to pay creditors of Worm Enterprises, and complainant's investment was never returned. The complainant specifically stated that she would not have bought the debentures if she had known that proceeds would be used to pay creditors of Worm Enterprises, rather than to begin

operations for Can of Worms, Inc. Appellant presents six grounds of error on appeal.

By his first ground of error, appellant argues the evidence is insufficient to sustain the conviction inasmuch as the State did not prove that the complainant's investment was in fact used to pay creditors of Worm Enterprises. While the record amply established that money from the bank account of Can of Worms, Inc. was used to pay creditors of Worm Enterprises, appellant's narrower position is that it was not shown specifically that the *complainant's* $3,000 per se was used for such purposes. Thus, he argues, the State's burden of proof was not met and the conviction cannot stand.

Under article 581–29(C), in pertinent part, it is a violation of the Blue Sky Laws to:

> in connection with the sale, offering for sale or delivery of, the purchase, offer to purchase, invitations of offers to sell, or dealing in any other manner in any security or securities, whether or not the transaction or security is exempt under Section 5 or 6 of this Act, directly or indirectly ... knowingly make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading....

According to the court's charge, a finding of guilt was authorized on the fourth count in the indictment,

> [if] you find and believe from the evidence beyond a reasonable doubt that on or about the 21st day of June A.D., 1977, in Harris County, Texas, the defendant Noel Gene Weaver, did then and there unlawfully, fraudulently and intentionally or knowingly sell or offer for sale to Luellen Fender, a security as set out in the first count of the indictment, and that the said Noel Gene Weaver did then and there commit fraud upon the said Luellen Fender by willfully, fraudulently, intentionally and knowingly failing to disclose that:

> Proceeds from the sale of Can of Worms, Inc., debentures would be used to pay the creditors of Worm Enterprises, Inc. and the said information stated above was then and there well known by the said Noel Gene Weaver, and that the said Noel Gene Weaver, then and there intentionally failed to disclose the said information stated above for the purpose of inducing the said Luellen Fender to purchase said securities and the said information stated above was material fact, then you will find the defendant guilty of willfully, fraudulently and intentionally failing to disclose a material fact in the sale of a security as charged in the fourth count of the indictment.

As is apparent, there was no requirement that the State prove that the money advanced by the complainant was itself actually used to pay the creditors of Worm Enterprises; appellant does not complain that the indictment and charge fail to require it, but only that it is not established by the evidence. No cases have been found, nor have any been cited by appellant, that would mandate such a burden of proof. The indictment stated, and the jury was charged, that at issue was appellant's failure to disclose the fact that proceeds from the sale of Can of Worms, Inc. debentures would be used to pay the creditors of Worm Enterprises. Sufficient evidence exists to support the conviction as indicted and charged. No allegations raising any claimed deficiency of the indictment for such reason have been presented in this ground of error. Additionally, the fact that Can of Worms, Inc., Worm Enterprises and Ecology Products are "alter-ego corporations," as asserted by appellant in the nature of a quasi defense, would not negate his criminal liability even if such relationship had been asserted and shown. The alter ego doctrine is merely a means of piercing the corporate veil to hold individuals personally liable in certain actions, and is remedial in nature, not defensive. See, for example, *Tigrett v. Pointer,* 580 S.W.2d 375 (Tex.Civ.App.—Dallas 1978, n. r. e.).

Appellant's first ground of error is overruled.

By his second ground of error, appellant argues that the trial court erred in failing to grant his challenge for cause as to a certain juror. The record shows that a juror, upon voir dire, had voiced his personal feelings of guilt and partiality, but upon being questioned by the court and appellant's counsel, stated he would follow the law if chosen for the jury. Appellant argues error by the court in not striking the juror pursuant to Article 35.16(a)(9), V.A.C. C.P., which states that a juror may be challenged for cause where it appears

That from hearsay, or otherwise, there is established in the mind of the juror such a conclusion as to the guilt or innocence of the defendant as would influence him in his action in finding a verdict. *To ascertain whether this cause of challenge exists, the juror shall first be asked whether, in his opinion, the conclusion so established will influence his verdict.* If he answers in the affirmative, he shall be discharged without further interrogation by either party or the court. If he answers in the negative, he shall be further examined as to how his conclusion was formed, and the extent to which it will affect his action; and, if it appears to have been formed from reading newspaper accounts, communications, statements or reports or mere rumor or hearsay, *and if the juror states that he feels able, notwithstanding such opinion, to render an impartial verdict upon the law and the evidence,* the court if satisfied that he is impartial and will render such verdict, may, in its discretion, admit him as competent to serve in such case. If the court, in its discretion, is not satisfied that he is impartial, the juror shall be discharged . . . (emphasis added).

■ Thus, where the juror does not state affirmatively that his established conclusion will influence his verdict, the court may ascertain, by further examination, the juror's ability to render an impartial verdict upon the law and evidence and, in its discretion, overrule the challenge.

■ While the court did not track the precise language of Article 35.16(a)(9) in inquiring into the juror's competency, it did inquire into his ability, notwithstanding his strong feelings, to render an impartial verdict upon the law and evidence. It was within the court's discretion to then determine such ability, and the testimony of the juror on voir dire, taken as a whole, does not reflect that he was disqualified from serving on the jury. *Moreno v. State,* 587 S.W.2d 405 (Tex.Cr.App.1979).

Regardless, appellant may not raise this issue on appeal since he did not request an additional peremptory challenge after exhaustion of his original ten challenges to use on a second juror, whose presence he alleged to be objectionable. *Adami v. State,* 524 S.W.2d 693 (Tex.Cr.App.1975). Nor is there a showing that the court would not have given an additional challenge if such request had been made. *Peters v. State,* 575 S.W.2d 560 (Tex.Cr.App.1979). While appellant cites *Moreno* as authority for his having preserved error, we note that the defendant therein had requested, and was denied, additional peremptory challenges for jurors against whom challenges for cause were overruled. Lastly, as shown in *Moreno,* an appellant must at least have stated his objection to a juror he has allegedly been forced to take due to the court's overruling his challenge for cause. The record here reflects no objection being raised to the second juror at any stage of voir dire. Indeed, when the court solicited objections to the formation of the seated jury, neither party voiced any objection. Appellant subsequently moved for a mistrial arguing he was forced to exercise a peremptory strike on the examined juror, and to take the second juror whom "I didn't want for reasons known to me." This latter statement would appear to be the only objection ever raised by appellant against the second juror, and was made *after* the jury had been sworn in and seated. Appellant's second ground of error is overruled.

By his third ground of error, appellant urges that the court erred in refusing to grant his motion to quash the indictment

since it failed to include the words "necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading", in description of the omitted material fact made the basis of the indictment. This quoted language appears in Art. 581–29(C), V.A.C.S., which creates an offense, in pertinent part, to "knowingly make any untrue statement of a material fact or omit to state a material fact *necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading*" (emphasis added). Appellant argues that this omission resulted in an indictment for conduct broader than that contemplated by the law, because it authorized a finding of guilt in the absence of a required element of the offense.

Texas law recognizes that the exact words of a statute need not be used in an indictment where there is no material difference between the statutory words and those used in the indictment. *Ross v. State*, 594 S.W.2d 100 (Tex.Cr.App.1980); *Ex Parte Burkett*, 577 S.W.2d 265 (Tex.Cr.App. 1979). However, under Article 21.03, V.A.C.C.P., an indictment that omits an element of an offense is defective. *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr.App.1980).

Insofar as here pertinent, it was necessary in the present case to prove that appellant (i) knowingly (ii) failed to disclose (iii) a material fact (iv) that under the circumstances should have been made in order to prevent another statement from being misleading. Article 581–29(C), V.A.C.S. Nothing in the indictment paraphrases or states in other words the requirements of (iv) to show that the undisclosed fact was necessary, under the circumstances, to prevent another statement from being misleading. Although the State alleges the validity of the indictment pursuant to *Shappley v. State*, 520 S.W.2d 766 (Tex.Cr.App.1974), we note that the portion of the Blue Sky Law here in question was significantly amended after the *Shappley* decision, to add the language that is here deleted. *Shappley* is therefore no longer valid or controlling insofar as it held on the validity of indictments under the Blue Sky Law provi-

sions applicable here. Since appellant's fifth and sixth grounds of error turn on disposition of the third ground of error, they will not be separately addressed. Appellant's third, fifth and sixth grounds of error, alleging fundamental defectiveness of the indictment, are sustained.

■ Appellant's fourth ground of error, alleging error in the court's restriction of appellant's voir dire examination, is without merit and is overruled, since the record shows that appellant's questions stricken by the court were merely cumulative of questions already asked by the court and answered by the juror.

Since the indictment is fatally defective, the conviction is reversed and ordered dismissed.

### OPINION ON MOTION FOR REHEARING

■ In our original opinion on this matter, this court found the indictment fundamentally defective in its failure to properly set forth an offense under *§ 3* of the Blue Sky Law, Article 581–29(C), V.A.C.S. Both the State of Texas and appellant on appeal had expressly relied upon § 3 for their respective positions, and hence our ruling under its provisions. By motion and amended motion for rehearing, however, the State of Texas now urges propriety of the indictment by reliance upon *§ 1* of Article 581–29(C). Given these new circumstances, we have reviewed the indictment, statute and case law, and agree with appellee's contentions. We withdraw our original opinion insofar as appellant's third, fifth and sixth grounds of error were sustained, and here affirm the conviction.

Under Article 581–29(C), § 1 and § 3, it is an offense to:

> In connection with the sale, offering for sale or delivery of, the purchase, offer to purchase, invitation of offers to purchase, invitations of offers to sell, or dealing in any other manner in any security or securities, whether or not the transaction or security is exempt under Section 5 or 6 of this Act, directly or indirectly (1) *engage*

*in any fraud or fraudulent practice,* or ... (3) *knowingly make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made in the light of the circumstances under which they are made, not misleading* ... (emphasis added).

"Fraud" and "fraudulent practice" are, in pertinent part, defined under Article 581–4(F) as "an intentional failure to disclose a material fact." The State elected to proceed on the fourth count of the indictment, which charged appellant with

willfully, fraudently, intentionally and knowingly failing to disclose that:

Proceeds from the sale of Can of Worms, Inc., debentures would be used to pay the creditors of Worm Enterprises, Inc.

and the said information being then and there well known by the said Noel Gene Weaver, and the said Noel Gene Weaver then and there intentionally failed to disclose said information for the purpose of inducing the said [complainant] to purchase said security and the said information being material fact.

While a ruling on the sufficiency of an indictment alleging fraud under the specific "failure to disclose a material fact" provision apparently has not been passed upon by our courts, it appears clear that the present indictment properly sets forth an offense under § 1 of Article 581–29(C). Other cases have upheld similar indictments for offenses under the other definitions of fraud and fraudulent practices. See *Birchfield v. State,* 401 S.W.2d 825 (Tex.Cr.App. 1966); *Shappley v. State,* 520 S.W.2d 766 (Tex.Cr.App.1974).

Appellant's remaining grounds of error having been overruled in our original opinion, the conviction is affirmed.