**Noreen CONNALLY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. B14–84–295–CR, C14–84–296–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 25, 1985.

Anthony Griffin, Galveston, for appellant.

Jim James, Asst. Dist. Atty., Galveston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

## OPINION

PAUL PRESSLER, Justice.

This is an appeal from convictions of murder and of injury to a child. We affirm the conviction of murder, subject to reformation of the judgment so that it reflects the conviction for murder only, and set aside the conviction for injury to a child.

Appellant admitted that in an attempt to discipline him she struck the two-year-old child of her boyfriend. The child died shortly after being taken to a hospital. The cause of death was found to be head injuries. Medical testimony stated that the child had been severely beaten.

Appellant was indicted for the intentional and knowing murder of the child and injury to a child. A jury convicted her on both counts and sentenced her to twenty-five years in the Texas Department of Corrections on Count One and twenty years on Count Two.

Appellant presents four grounds of error. In the first three, she asserts the trial court erred in denying her challenges for cause of three prospective jurors. The first challenged juror initially stated on voir dire that he could not consider probation in a murder case and that he believed the defendant was guilty unless there was evidence of her innocence. In response to questioning by the State, he stated that there were some circumstances under which he could consider probation for murder. When the court questioned the man, he stated he could consider the full range of punishment in a murder case. Then in response to defense questioning, he stated he could not consider probation for a murder. Later, in response to questioning by the State, he stated that he could consider the full range of punishment. At this point, appellant challenged the prospective juror for cause, and the court overruled the challenge.

■■■■ A juror may be challenged for cause by the defense on the grounds that he is biased or prejudiced against the law applicable to the case upon which the defense is entitled to rely, either as a defense to some phase of the offense or as a mitigation thereof or of the punishment therefor. TEX.CODE CRIM.PROC.ANN. art. 35.16(c)(2) (Vernon 1966). Such bias or prejudice is a proper area for inquiry for peremptory challenges as well as for cause. *Martinez v. State,* 588 S.W.2d 954, 955 (Tex.Crim.App.1979). The trial court is allowed great discretion in passing on the qualifications of a juror. *Roy v. State,* 627 S.W.2d 488, 491 (Tex.Crim.App.1981). The test for determining harm is whether the court's limitation of the voir dire examination amounted to an abuse of discretion such that appellant was deprived of a valuable right. *Id.* at 955; *Emanus v. State,* 526 S.W.2d 806, 808 (Tex.Crim.App.1975).

The appellant has the right to challenge for cause any juror who could not assess the minimum punishment. *Von Byrd v. State,* 569 S.W.2d 883, 891 (Tex.Crim.App. 1978) (en banc). Where a veniremen told defense counsel that he did not believe he could consider probation and was challenged for cause, and subsequently the court elicited from him that he could consider probation in a proper case, he was sufficiently rehabilitated and was not subject to challenge for cause. *Id.* at 891. *See Barefoot v. State,* 596 S.W.2d 875, 885–886 (Tex.Crim.App.1980) (en banc).

■■■ It is within the court's discretion to determine whether the venireman is able to render an impartial verdict. *Weaver v. State,* 638 S.W.2d 511, 513–514 (Tex.App.— Houston [1st Dist.] 1982, pet. ref'd); *See Henley v. State,* 644 S.W.2d 950, 955 (Tex. App.—Corpus Christi 1982, pet. ref'd). There was no reversible error in denying challenges for cause to veniremen who stated they might infer guilt from the fact defendant failed to testify but were rehabilitated by the defense counsel or the State and agreed that the burden of proof was

not on the defendant. *Scott v. State*, 490 S.W.2d 578, 579 (Tex.Crim.App.1973).

■ Appellant here used a peremptory challenge to strike this venireman. The record reveals that had appellant been granted an additional strike, she would have used it against a juror whom she found objectionable and who was seated on the jury. These facts are sufficient to preserve the issue of the court's denial and to require reversal if it is shown that such denial of the challenge for cause was error. *Jordan v. State*, 635 S.W.2d 522 (Tex.Crim. App.1982) (en banc); *Pierce v. State*, 604 S.W.2d 185, 186 (Tex.Crim.App.1980) (en banc).

■ The appellate court must look to the record as a whole to determine whether the trial court abused its discretion in denying a voir dire challenge for cause. *Brandley v. State*, 691 S.W.2d 699 (Tex.Crim.App.— 1985). We must consider the totality of the juror's responses and weigh those which are vague and contradictory against those which are not. The trial judge is able to determine the meaning of such responses not only by the words used but also by the demeanor and voice tone of the prospective juror. We, however, have only the "cold record" before us and must consider this difference. *Henley v. State*, 644 S.W.2d at 955.

■ Here we find no abuse of discretion by the trial judge as there is ample evidence of rehabilitation of this venireman, both as to his ability to consider the minimum punishment and as to his belief concerning presumption of innocence. Therefore, appellant was not denied her right to an impartial jury. The first ground of error is overruled.

■ We will consider the second and third grounds of error together. In her second ground of error appellant challenged for cause a venireman who repeatedly stated initially that in a proper case he could consider the full range of punishment for murder, from probation to life imprisonment, depending on the facts. Following this, the venireman equivocated throughout the voir dire, both in his responses to the court and to counsel for both sides. The defense challenged the juror for cause. However, we find no ruling on the challenge in the record. Although the record is not entirely clear on this matter, it seems likely this juror was referred to by the defense in its request for additional peremptory challenges.

In her third ground of error, appellant argues that another prospective juror initially, during questioning by the State, stated that he could consider the full range of punishment, including probation. On defense questioning, he stated he could not consider probation for murder. Thereafter, he equivocated throughout the voir dire. During final questioning by the State, he stated that he could consider probation for murder. The defense challenged the venireman for cause for his inability to consider the full range of punishment. The court overruled the challenge. Appellant used a peremptory strike to eliminate this venireman.

After appellant used all her peremptory strikes she requested additional strikes for four other veniremen. The court denied the request. Appellant named for the record several jurors who were seated absent her ability to strike them for cause. One question raised is whether the request for additional peremptory challenges which did not name a particular venireman who was eliminated with a peremptory strike was sufficient to preserve error. This question need not be reached.

If appellant did preserve error, the question becomes whether the prospective jurors were rehabilitated. For the reasons discussed above under the first ground of error, we find that these veniremen were rehabilitated. Thus, the court did not abuse its discretion in denying the challenges for cause. The second and third grounds of error are overruled.

■ The State concedes error in the fourth ground in which appellant complains that only one conviction may be had on one indictment. Multiple convictions may not

be had on two or more counts in a single indictment alleging offenses arising out of the same transaction. *McIntire v. State,* 698 S.W.2d 652 (Tex.Crim.App.1985); *Ex parte Siller,* 686 S.W.2d 617 (Tex.Crim. App.1985).

The proper remedy is to reform the judgment to show conviction for one offense only, the offense for which the jury first found appellant guilty. *Id.* We affirm the conviction for the offense committed under Count One. We reverse and dismiss the conviction under Count Two (C84–296–CR) (injury to a child). We reform the judgment and sentence to delete Count Two and to show a single conviction and sentence under Count One for murder of a child.