John P. BILLINGS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–84–861 CR, C14–85–045 CR and A14–85–046 CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 22, 1987.

W. Scott Carpenter, Houston, for appellant.

Miguel Martinez, Galveston, Jim James, Bryan, John M. Lancaster, Galveston, for appellee.

Before J. CURTISS BROWN, C.J., and ROBERTSON and MURPHY, JJ.

## OPINION

ROBERTSON, Justice.

The indictment contained three "counts" alleging, theft, misapplication of fiduciary property and official misconduct. As authorized by the court's charge, the jury found appellant guilty under each "count" and assessed punishment at confinement for sixteen years under counts one and two and eight years under count three. All three counts were consolidated into one judgment in the trial court, but each was filed under a separate cause number in this court. The causes are consolidated for disposition. Of appellant's twenty-one points of error presented for review, eleven complain of alleged error concerning counts two and three which, for reasons stated later, we find unnecessary to discuss. The remaining ten points of error attack: (1)

the indictment, (2) the failure of the court to grant his motion to sever, (3) the imposition of sentence for each offense, (4) the sufficiency of the evidence to prove ownership of the funds and (5) the admissibility of evidence. As reformed, the judgment of the trial court is affirmed.

Appellant was executive director of the Gulf Coast Regional Mental Health-Mental Retardation Center (center), a state agency intended to aid persons suffering from retardation and mental illness. A non-profit corporation, Gulf Coast Human Services, Inc. (corporation), was set up for the purpose of generating funds for the center. Appellant was also chief executive officer of the corporation. In addition, appellant was involved in numerous private enterprises including ownership in a building, the Mensing Building, a travel agency, World Wide People Movers, Inc., and a day care center, Playcare Inc.

In March 1980 appellant caused to be issued, without authority of the corporation's board of directors, a check on the account of the corporation for $21,000. This check was payable to, and deposited in, the Mensing Brothers Building Partnership (partnership) account. Appellant wrote checks on that account to pay the debts of the partnership. The evidence also shows that over a period of time approximately $452,000 was transferred from the center to the corporation; that almost $275,000 was transferred from the corporation to Worldwide People Movers; and that substantial funds from the partnership account went to appellant's personal benefit.

We are met at the outset with a claim by the state that this court is without jurisdiction to consider this appeal because notice of appeal was not properly given. Appellant gave notice of appeal on November 21, 1984. On December 10, 1984, he filed a motion for new trial which was overruled on January 30, 1985. The state claims that since no notice of appeal was given following the order overruling the motion for new trial, this court has no jurisdiction. We do not agree. The procedure followed by appellant has been held to constitute effective notice of appeal. *Pan-*

*elli v. State,* 709 S.W.2d 655 (Tex.Crim. App.1986); *Mayfield v. State,* 627 S.W.2d 474, 474 (Tex.App.—Corpus Christi 1981, no pet). The state's challenge to our jurisdiction is overruled.

In his third point of error appellant contends the trial court erred in imposing sentence with respect to more than one count arising out of the same transaction. We agree. Appellant correctly points out that it is clear that the offenses alleged in "Count I", "Count II" and "Count III" of the indictment concern only one *transaction* because each count contains a photocopy of the same $21,000 check. The indictment should not have alleged the offenses in multiple "counts;" rather it should have been in multiple *"paragraphs." See Romine v. State,* 722 S.W.2d 494 (Tex.App.—Houston [14th Dist.], 1986). Likewise, the trial court should not have authorized the jury to find appellant guilty of all three offenses. *Connally v. State,* 696 S.W.2d 432 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). However, this error does not mandate a reversal of the conviction.

The court of criminal appeals was faced with almost identical facts in *Ex Parte Siller,* 686 S.W.2d 617 (Tex.Crim. App.1985). There, the accused had been convicted of two offenses arising out of the same transaction. Like this case, each offense was alleged in a separate count of the same indictment. The court held it was improper to secure the multiple convictions, but the relief granted was to void the second conviction. Appellant is entitled to similar relief. Count I alleged theft and both the jury verdict and the judgment indicate appellant was first found guilty of that offense. Therefore, the judgment in *State v. Billings,* No. 39,109 (Dist.Ct. of Galveston County, 122nd Judicial Dist. of Texas, Nov. 29, 1984), is reformed to read that appellant is "guilty of the felony offense of theft (second degree)" only, and the convictions for the offenses of misapplication of fiduciary property and official misconduct are vacated and set aside. This holding makes it unnecessary to address appellant's points of error four, five, seven,

eight, nine, ten, eleven, fourteen, fifteen, sixteen and twenty-one which allege various errors under Count II and/or III.

In his first point of error appellant contends the court erred in not granting his motion to set aside the indictment. He argues the court did not have jurisdiction over the offenses of theft and official misconduct (Count I and III) because misapplication of fiduciary property (Count II) is a special statute which controls over the general statute defining theft and official misconduct. We do not agree.

The court of criminal appeals has reversed convictions under general statutes when the prohibited conduct was covered by a more special statute. *See Jones v. State,* 552 S.W.2d 836 (Tex.Crim.App.1977); *Ex Parte Pribble,* 548 S.W.2d 54 (Tex.Crim. App.1977); *Ex Parte Harrell,* 542 S.W.2d 169 (Tex.Crim.App.1976). However, each of those cases involved a conviction under a general statute which provided for a felony punishment, while a special statute provided for a misdemeanor offense. The rule is that the more special statute controls when sections of the penal code cannot be harmonized. An offender should not be made to bear a harsher penalty when the same conduct would otherwise carry a lesser punishment. *Boyette v. State,* 632 S.W.2d 915, 919 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). The instant situation lacks this general-felony, special-misdemeanor dichotomy common in the cases cited above. Both the general statute, theft, and the special statute, misapplication of fiduciary property, are graded equally depending upon the value of the property misappropriated. Therefore, prosecution under either statute subjects the offender to the same range of punishment. If any error existed in the prosecution and conviction of appellant under the general theft statute, it was harmless and does not warrant a reversal. *Boyette v. State,* 632 S.W.2d at 920. Appellant's first point of error is overruled.

In his second point of error appellant contends the court erred in "failing to grant a severance for the reason that two or more offenses were charged in a single

indictment in violation of Section 3.01 of the Texas Penal Code and Article 21.24 of the Texas Code of Criminal Procedure." In support of this contention appellant cites Tex.Penal Code Ann. § 3.04(a) (Vernon 1974) and states that severance was mandatory. We have searched the record and do not find where this contention was ever urged in the trial court. The only basis upon which appellant moved for severance in the trial court was that "[t]he third count of each indictment does not consist of an offense defined in Title 7 of the Texas Penal code," and therefore, "[c]onsolidation and joinder of the Official Misconduct allegation in the immediate indictments is improper." His only prayer on the motion was that "the third count of each indictment be severed."

Appellant has failed to preserve any error for our review. However, even if appellant had properly preserved this alleged error the result would be the same. First, the offenses alleged in the indictment were joined pursuant to the provisions of art. 21.24(b) rather than art. 21.24(a), Tex.Code Crim.Proc.Ann. (Vernon Supp.1986), and Tex.Penal Code Ann. § 3.02 (Vernon 1974). *See Romine v. State, supra.* By the express terms of § 3.04(a), Tex.Penal Code Ann. (Vernon 1974), the accused is entitled to a severance *only* when the offenses have been joined pursuant to § 3.02, Tex. Penal Code Ann. (Vernon 1974), which authorizes the joinder of "the repeated commission to any one offense defined in Title 7 of this code." Therefore, appellant was not entitled to a severance. Second, we have already granted appellant the only relief he is entitled to by setting aside the convictions for misapplication of fiduciary property and official misconduct. *See Ex parte Siller*, 686 S.W.2d at 620. Appellant's second point of error is overruled.

In his sixth point of error appellant contends the court erred in denying his motion to set aside the indictment because "paragraph two of each count does not state an offense and for the reason that paragraph two of each count was not a jurisdictional predicate to the first paragraph of each count and for the additional reason that the second paragraph of each count was alleged for the purpose of proving appellant's guilt."

The indictment upon which appellant went to trial was returned by the grand jury on August 9, 1984, and alleged the offense to have occurred on March 19, 1980, a period of time in excess of the general three year statute of limitations. *See* Tex.Code Crim.Proc.Ann. art. 12.01 (Vernon Supp.1986). In addition to charging the offenses of misapplication of fiduciary property and official misconduct, Counts II and III also alleged the return of an indictment within the period of limitation charging the same offense and that such indictment was pending when the instant indictment was returned. A similar allegation was not made in Count I because there is no question that the statute of limitations could not have barred prosecution because the period of limitation for theft is five years. Since the allegations about which appellant complains concern the offenses for which we have set aside the convictions, we do not find it necessary to address this contention further. Appellant's sixth point of error is overruled.

In his twelfth and thirteenth points of error appellant contests the sufficiency of the evidence to prove that the allegedly appropriated funds were owned as alleged in the indictment. The indictment alleged the theft of the $21,000 was accomplished by means of the issuance of a check. The indictment contained a photocopy of the check, dated March 19, 1980, made payable to the Mensing Building and drawn on the account of Gulf Coast Human Services, Inc. The indictment further alleged the $21,000 was "owned by Gulf Coast Human Services, Incorporated and Clark Flourney and the Gulf Coast Mental Health Mental Retardation Center and Tom Mackey" and that the money was taken without the consent of each and all of the owners.

The evidence showed that Tom Mackey was a member of the center's board of directors and that Clark Flourney was a member of the corporation's board of directors. The evidence also showed there was a comingling of funds between the corporation and the center such that the

two were effectively a single entity. While the indictment alleged ownership of the $21,000 in the conjunctive: the corporation *and* Clark Flourney *and* the center *and* Tom Mackey, the charge to the jury submitted the issue of ownership in the disjunctive: the corporation *or* Clark Flourney *or* the center *or* Tom Mackey.

When one person owns property and another has possession thereof, ownership may be alleged in either. Further, when property is owned by two or more persons, the ownership may be alleged to be in all or either of them. Tex.Code Crim. Proc.Ann. art. 21.08 (Vernon Supp.1986). Under the facts presented by this record, and in order to prevent any question of a fatal variance, we hold it was appropriate to allege the ownership in the two entities and a representative member of the board of directors of each entity. In addition, we hold it was proper for the court to submit the issue of ownership of the funds to the jury in the disjunctive. *Zanghetti v. State*, 618 S.W.2d 383 (Tex.Crim.App.1981). Therefore, it was only necessary that the state prove that one of the alleged owners was the true owner of the funds in question. The standard of appellate review which this court must apply is whether any rational trier of fact could have found the essential elements to be proved beyond a reasonable doubt.

The definition of "owner" in the penal code includes one who has title to the property. Tex.Pen.Code Ann. § 1.07(24) (Vernon 1974). The evidence at trial showed that the $21,000 check was drawn on the account of the corporation and that account was debited $21,000. The evidence was sufficient to show the corporation was the owner of the funds. After a review of the record before us, we conclude that the evidence was sufficient to show ownership as required to support appellant's conviction. Points of error twelve and thirteen are overruled.

In his seventeenth and eighteenth points of error appellant contends the trial court erred in admitting into evidence eight checks issued to appellant from the partnership account. He complains that they represent extraneous offenses with no logical or legal relevance and are thus inadmissible. We do not agree.

The evidence established that appellant transferred funds from the corporation account to the partnership account and then to himself. The partnership was merely a conduit through which the funds passed. We hold this evidence was admissible not only to show the scheme by which appellant was able to steal funds belonging to the center and the corporation, but also to rebut his defense of lack of intent to deprive the owners of the property. *Watts v. State*, 626 S.W.2d 599 (Tex.App.—Texarkana, 1981). The fact that appellant had not testified and denied the intent to commit theft at the time the extraneous offenses were admitted is of no consequence. *Rubio v. State*, 607 S.W.2d 498, 502 (Tex. Crim.App.1980). Appellant's seventeenth and eighteenth points of error are overruled.

In his nineteenth point of error appellant complains that the trial court abused its discretion in admitting testimony by a state's witness about the destruction of tape recordings. The record shows that an investigator from the attorney general's office had requested the tape recordings of board meetings from both the center and the corporation. A number of tapes were turned over, but one was absent, the tape of the November 1981 meeting in which the corporation's board allegedly approved the transfer of accounts receivable of the corporation. With regard to the missing tape, a state's witness testified that appellant and the center's finance officer were having a conversation with reference to what was on the tape. The state's witness testified that she heard appellant say "Well, they don't need to hear that. It's not important. They don't need to hear that. Just take care of that."

Appellant argues the above testimony was irrelevant. We disagree. The statement was relevant to appellant's state of mind, showing guilty knowledge. It was in the nature of a cover up. Attempts to conceal incriminating evidence are ad-

missible against the accused in a criminal prosecution. *See Johnson v. State*, 583 S.W.2d 399, 409 (Tex.Crim.App.1979). Appellant's nineteenth point of error is overruled.

In his twentieth point of error appellant contends that the trial court's instruction to the jury on the issue of consent constituted an improper comment on the weight of the evidence. The complained of instruction stated:

No political corporation or subdivision of the State of Texas nor the State of Texas nor any agency of the State is authorized to grant public money or thing of value in aid of or to any individual. Consent given by the governing authorities or board of directors of a political corporation or subdivision of the State of Texas or the State of Texas or any agency of the State to grant money or thing of value to an individual is not valid unless given in payment for goods or services.

The court's instruction is a statement of the law as set out in Tex. Const. art. III, § 52(a), which provides:

Except as otherwise provided by this section, the Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid, of, or to any individual association or corporation whatsoever, or to become a stockholder in such corporation, association or company.

To constitute reversible error, a comment by the judge must be calculated to injure the rights of the defendant or it must appear from the record that the defendant has not had a fair and impartial trial. Tex.Code Crim.Proc.Ann. art. 36.19 (Vernon 1981). Appellant argues that the instruction eliminated the issue of consent from consideration by the jury. However, consent was not in issue. Appellant does not refer us to any testimony which would raise the issue and our search of the record convinces us that consent was not in issue. While appellant's testimony is difficult to follow, his position was that he invested the funds on behalf of the corporation and had no intention of depriving either the corporation or the center of the money. The instruction was a correct statement of the law as it relates to the authority of the center and the corporation to consent to the taking of the funds by appellant. *See Carrillo v. State*, 566 S.W.2d 902 (Tex.Crim. App.1978); *Patterson v. State*, 632 S.W.2d 809 (Tex.App.—Houston [14th Dist.] 1982, pet. ref'd). We hold that the instruction was not a comment on the weight of the evidence. Appellant's twentieth point of error is overruled.

The judgment as to Count I is affirmed. The judgment as to Counts II and III is reversed and Counts II and III are dismissed.

MURPHY, Justice, dissenting.

I respectfully dissent. The majority relies on *Ex Parte Siller*, 686 S.W.2d 617 (Tex.Crim.App.1985) to reform the judgment and set aside the convictions for the offenses of misapplication of fiduciary property and official misconduct. I would go further than the majority and hold that the failure by the trial judge to grant appellants motion to sever constituted reversible error.

I agree with the majority that appellant has not preserved his second point of error with regard to counts one and two of the indictment, however I disagree with the analysis set out on the assumption that the point was preserved. Again the majority is confusing "counts" with "offenses" as it did in *Romine v. State*, 722 S.W.2d 494 (Tex.App.—Houston [14th Dist.], 1986).

Tex.Code Crim.Proc.Ann. art. 21.24(a) (Vernon Supp.1986), allows the state to join two offenses in a single charging instrument if they arise out of the same criminal episode. According to Chapter Three of the Texas Penal Code, criminal episode means the repeated commission of any *one* offense defined in Title Seven of the code. *See* Tex.Pen.Code Ann. § 3.01 (Vernon 1974).

Therefore, two separate property offenses both defined in Title Seven, cannot be joined in a single charging instrument.

*See e.g., Jordan v. State,* 552 S.W.2d 478, 479 (Tex.Crim.App.1977) (burglary and theft); *Keimig v. State,* 669 S.W.2d 121, 124 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd) (auto theft and burglary). The offense of theft is defined in Tex.Pen.Code Ann. § 31.03(a) (Vernon Supp.1986): A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property. The offense of misapplication of fiduciary property is defined in Tex.Pen.Code Ann. § 32.45(b) (Vernon 1974): A person commits an offense if he intentionally, knowingly or recklessly misapplied property he holds as a fiduciary or property of a financial institution in a manner that involves substantial risk of loss to the owner of the property or to a person for whose benefit the property is held.

Theft and misapplication of fiduciary property are different offenses. The elements of the offenses are different. Furthermore, the two offenses fall under different chapters of the penal code: theft offenses are found in chapter 31 and misapplication of fiduciary property is found in chapter 32, Fraud, subchapter D, Other Deceptive Practices.

If appellant had properly preserved error, I would hold the misjoinder of the two separate property offenses in appellant's indictment was reversible error. *See Sifford v. State,* 704 S.W.2d 571 (Tex.App.—Corpus Christi 1986, no pet.) and *Callins v. State,* —— S.W.2d —— No. 69,023 (Tex.Crim.App., July 2, 1986) (not yet reported).

Appellant did, however, move for a severance on the ground that the third count of each indictment did not consist of an offense defined in Title 7 of the Texas Penal Code. In other words, he objected to the joinder of a non-property offense (Official Misconduct) being defined in Title 8 with a property offense (Theft) defined in Title 7.

In *Callins, supra,* the Court of Criminal Appeals said:

> We recently held that the Legislature, by its amendment of Article 21.24, V.A.C.C.P. has implicitly prevented the State from alleging in a single indictment two or more nonproperty offenses if those offenses arose out of the same criminal "incident, act or transaction." *Drake v. State,* 686 S.W.2d 935, 944 (Tex.Cr.App. 1985). From our reasoning in *Drake, supra* we must also conclude that Article 21.24 supra implicitly prevents the State from alleging both property and nonproperty offenses together in the same indictment.

I would hold the trial court erred in refusing to grant appellant's Motion for Severance.