**Darrell P. WARTLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–96–00343–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 24, 1998.

Thomas R. Steinmeyer, Houston, for appellant.

Calvin A. Hartmann, Houston, for appellee.

Before SEARS, CANNON and DRAUGHN, JJ.[1]

## OPINION

CANNON, Justice (Assigned).

This is an appeal from a conviction for sexual assault. In three points of error, appellant argues that the trial court erred in removing a sworn juror from the jury panel after trial commenced. We affirm.

During voir dire, the jury pool provided certain information including dates of birth, social security numbers, driver's license numbers, and whether they had ever been accused of a crime. Additionally, the prosecutor asked if any of the potential jurors had ever been arrested, charged or convicted of an offense. The jury was selected, sworn and empaneled without objection by either the defendant or the state. Before the trial began, the state learned that the birth date and social security number of juror Arthur Amos Hill matched the birth date and social security number of another Arthur Hill who had been arrested in New York and charged with felony burglary in 1974, for which Hill was convicted, and petty larceny in 1973, for which Hill received probation.

The trial court called a hearing to determine whether Hill was qualified to serve in light of his prior criminal convictions. During the hearing, Hill admitted that he was arrested and charged with the petty larceny, but denied he was the same Arthur Hill who was arrested, charged and convicted of felony burglary. At that point, the prosecutor moved to dismiss Hill from the panel. Appellant objected stating that Hill was not absolutely disqualified under TEX.CODE CRIM. PROC. ANN. art. 35.16 (Vernon 1989). The court advised both parties that it would examine the law further and commenced the trial.

Later that day, after the complaining witness had testified, the court continued the hearing. The state called Investigator Bob Reese who testified that he ran a background search on Juror Hill. Reese stated that Hill's date of birth and social security number matched that of the Arthur Hill who had been involved with the felony burglary and petty larceny in New York. After hearing from Reese, the court further questioned Hill who continued to deny he was the same person charged and convicted for felony burglary. Hill admitted that he failed to indicate on the juror information sheet that he had been charged with either crime. Further, Hill admitted that he did not answer the prosecutor's inquiry about whether any of the venirepersons had been arrested,

---

1. Senior Justices Bill Cannon, Joe L. Draughn, and Ross A. Sears, sitting by assignment.

charged, or convicted of a crime. The state again moved to replace Hill with the alternate juror, citing Hill's misrepresentations and omissions during voir dire. The court granted the state's motion and dismissed Hill for his failure to remember his burglary conviction and his lack of candor to the court and to the prosecutor during voir dire.

A juror is absolutely disqualified if the evidence shows that he was convicted of a felony or any theft. *See* TEX.CODE CRIM. PROC. ANN. arts. 35.16, 35.19 (Vernon 1989). Appellant argues that the evidence regarding Hill was insufficient to prove he was the same person convicted of burglary in New York; therefore, appellant contends that Hill was not absolutely disqualified. The state responds that disqualification of a venireperson is a question of fact for the trial court. *See* TEX.CODE CRIM. PROC. ANN. art 35.21 (Vernon 1989). The state argues that the trial court did not err because there was evidence that Hill had been charged with both petty larceny and felony burglary, for which he was convicted. Thus, the court was within its discretion to remove Hill.

"The trial court is allowed great discretion in passing on the qualifications of a juror." *Connally v. State*, 696 S.W.2d 432, 434 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). Therefore, we will only reverse the case if there was a clear abuse of discretion by the trial court.

Case law supports the state's position. It is a question of fact for the trial court whether a venireman is absolutely disqualified. *See Hammond v. State*, 799 S.W.2d 741, 744 (Tex.Crim.App.1990). Even if there is conflicting evidence, a trial court has the discretion to make findings which may or may not justify a challenge for cause, even if the purported basis of the challenge constitutes an absolute disqualification. *Id.* at 744–45.

The record establishes, without question, that Hill lied to the prosecutor during voir dire. He admitted as much during the competency hearing. Despite the conflicting evidence and testimony, Hill's lack of candor was sufficient to disqualify him. We hold that the trial court did not abuse its discre-

tion in removing him from the jury. We overrule appellant's three points of error and affirm the trial court's judgment.