NO.
12-05-00348-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

PAUL DURHAM,     §                      APPEAL
FROM THE 217TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      ANGELINA
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Appellant Paul
Durham appeals his sentence for aggravated sexual assault of a child.  In one issue, Appellant contends that the
trial court erred in overruling his challenges for cause as to two prospective
jurors.  We affirm.

 

Background

            Appellant was
found guilty of aggravated sexual assault of a child by a jury and assessed
sixty years of imprisonment.  He appealed
and the Ninth Court of Appeals affirmed his conviction, but reversed the trial
court’s judgment as to punishment and remanded to the trial court for a new
punishment hearing.  On remand, the jury assessed
punishment at ninety-nine years of imprisonment.  This appeal followed.[1]

 

Challenges for
Cause








            In his sole issue, Appellant
contends that the trial court abused its discretion when it denied Appellant’s
challenges for cause to two prospective jurors.

Standard of
Review and Applicable Law

            A trial court has discretion in
ruling on challenges for cause, and its rulings will not be disturbed on appeal
absent an abuse of that discretion.  Herron
v. State, 86 S.W.3d 621, 629 (Tex. Crim. App. 2002).  The reviewing court must examine the record
as a whole to determine whether there is support for the trial court’s rulings,
and in doing so, it must give deference to the trial court, which was in a
position to actually see and hear the prospective juror.  Id.  We reverse a trial court’s ruling on a
challenge for cause only if a clear abuse of discretion is evident.  Russeau v. State, 171 S.W.3d 871, 879
(Tex. Crim. App. 2005).

            A defendant may challenge a
prospective juror for cause for either of the following reasons:

 

1.             That
he is related within the third degree of consanguinity or affinity, as
determined under Chapter 573, Government Code, to the person injured by the
commission of the offense, or to any prosecutor in the case; and

 

2.             That
he has a bias or prejudice against any of the law applicable to the case upon
which the defense is entitled to rely, either as a defense to some phase of the
offense for which the defendant is being prosecuted or as a mitigation thereof
or of the punishment therefor.

 

 

Tex. Code Crim. Proc. Ann. art. 35.16(
c) (Vernon Supp. 2006).  Bias against the
law is the refusal to consider or apply the relevant law, which means the
prospective jurors’ beliefs or opinions would prevent or substantially impair
the performance of their duties as jurors. 
Sadler v. State, 977 S.W.2d 140, 142 (Tex. Crim. App.
1998).  

            In a criminal trial, both the
defendant and the State have the right to select from jurors who believe in the
full range of punishment.  See Johnson
v. State, 982 S.W.2d 403, 405 (Tex. Crim. App. 1998).  Prospective jurors must be able to conceive
both of a situation in which the minimum penalty would be appropriate and of a
situation in which the maximum punishment would be appropriate.  See Rosales v. State, 4
S.W.3d 228, 233 (Tex. Crim. App. 1999). 
Prospective jurors must be able to accept that, for the offense in
question, the minimum legal punishment will be appropriate in some
circumstances and the maximum legal punishment will be appropriate in some
circumstances.  Id.  A prospective juror’s complete inability to
consider the full range of punishment would render that person unfit for jury
service.  See Tex. Code Crim. Proc. Ann. art.
35.16(b)(3), (c)(2); Maddux v. State, 862 S.W.2d 590, 600 n.2
(Tex. Crim. App. 1993). 

            In assessing a prospective juror’s
capacity to consider the full range of punishment, we do not focus on an
isolated answer or passage of the prospective juror’s testimony, but on her
voir dire testimony as a whole.  See
Allridge v. State, 850 S.W.2d 471, 482 (Tex. Crim. App.
1991).   We consider the juror’s
responses and weigh those that are vague and contradictory against those that
are not.  See Connally v. State,
696 S.W.2d 432, 435 (Tex. App.–Houston [14th Dist.] 1985, pet. ref’d).  The trial judge is able to determine the
meaning of such responses not only by the words used but also by the demeanor
and voice tone of the prospective juror. 
See id.  We,
however, have only the “cold record” before us and must consider this
difference.  See id.  If the prospective juror’s answers are
vacillating, unclear, or contradictory, we accord deference to the trial court’s
judgment.  Brown v. State,
913 S.W.2d 577, 580 (Tex. Crim. App. 1996). 


Prospective
Juror Kathy McFarland

            At the punishment hearing, the State
asked prospective juror Kathy McFarland, “Ms. McFarland, how do you feel about
that, that a jury should have that wide latitude; but they have to be able to
consider the full range of punishment? 
You feel that’s a good thing?” 
McFarland responded, “Yes.”  The
State then asked the entire jury panel, “Is there anybody here who, just as a
matter of general principle, feels contrary, that you couldn’t keep your mind
open one way or the other, consider all the options?”  No prospective juror spoke up.  The State posed the same question to
prospective jurors “row by row.”  While
some jurors expressed an inability to consider the full range of punishment,
McFarland did not.

            Next, the State presented the
following consideration for the jury panel: 

 

                                I’m
not going to ask any details, but I have a couple of questions that are real
important.  Is there anybody here on the
jury panel who, either yourself, an immediate family member, or a close friend,
someone that you’ve had close association with, [your] dear friends for a long
time, anybody who fits in that category who’s been the victim of a sex crime? 

 

                                Okay.  I’ll take it one hand at a time, starting on
the left-hand side and on the third row. 
Ms. McFarland, how would that experience, regardless of who it was – who
it happened to, how will that affect your jury service?

 

 

McFarland responded,
“It wouldn’t.”  

            The State continued its voir dire
asking, “Anybody here on the jury panel, either yourself, an immediate family
member, or very close friend that you consider like family who’s had a case in
the criminal justice system more serious than a traffic ticket . . . was that
person treated fairly, unfairly, or no opinion?”  McFarland raised her hand and responded, “No
opinion.”  

            The State completed its voir dire by
asking the jury panel whether there was something that would affect their
service as a juror.  McFarland raised her
hand and said, “Due to something similar happening to someone close to me I don’t
know if I could be  – you know, I don’t
know if I could go with a lesser charge and I don’t know if I could go with a
maximum.  I’m, like, in between.” 

            Appellant’s counsel then questioned
the jury panel: 

 

                        Is there anyone who has any concerns based on all the questions asked
either by the State or that you think has not been brought up and you think
needs to be brought to the attention of the attorneys or the Judge?  I won’t discuss it out here in general.  If you would just raise your right hand so we
can do a private voir dire, if there’s something that we haven’t raised that
you think might affect your deliberation in this case.  And I don’t see any hands.

 

 

            When the court asked for challenges,
Appellant’s counsel challenged:  “Number
13, Ms. McFarland.  She had a similar
happening.  She had prior experience with
a sex crime, and I believe she stated she could not be a fair and impartial
juror in this case.”  The trial court
denied the challenge stating, “She’s not one that I – I don’t think she’s
disqualified, so I’m going to deny Number 13.” 


            McFarland expressly stated she could
consider the full range of punishment. 
Later, based upon a similar crime happening to someone she knew, she
vacillated by explaining that she was not sure if she could consider a “lesser
charge” or the “maximum.”  We do not
second guess a trial court’s judgment when a prospective juror vacillates or
gives contradictory answers.  See Brown,
913 S.W.2d at 580.  Considering McFarland’s
voir dire statements as a whole, we cannot say the record reflects that the
trial court abused its discretion in denying Appellant’s challenge for cause of
McFarland.

Prospective
Juror Vivian Harrison

            Appellant also complains that the
trial court abused its discretion when it denied his challenge for cause to
prospective juror Vivian Harrison. 
Appellant’s counsel questioned the venire panel for bias or prejudice
based upon the prospective juror’s associations with other people.

 

                        I’m trying to find 12 fair and impartial jurors for both sides.  And sometimes an individual – we may not ask
the right question.  I’m just trying to
find, because of personal experience or background that an individual just may
favor the State of Texas or the District Attorney’s Office.  Let’s go to an example.  If you were [a] very close friend of Clyde
Herrington and you know that if you get in that jury box, you’re going to
follow – you will want to side with the District Attorney’s Office.  And you know that.  It’s not fair to me for you to do that.  And I’d rather someone just [go] ahead and
[say], Look, I got [too] close [of a relationship].  I’m going to favor his side.  And that’s all I’m trying to find out.

 

 

Harrison raised her
hand and said, “I just – my sister-in-law [Shelba Harrison] works for the
District Attorney’s Office.  It wouldn’t
make [sic] a factor.  I wouldn’t favor
the District Attorney’s Office because she works there.”  

            Appellant’s counsel challenged
Harrison for cause, saying, “Number 27, Ms. Harrison, said that she knew
someone in the District Attorney’s Office, Shelba, and that she would favor the
State of Texas.”  The court denied the
challenge for cause to Harrison.                

            Initially, we note that Shelba
Harrison is not listed as a prosecutor in the case against Appellant.  Thus, challenge for cause under article
35.16(c)(1) is inappropriate.  See Tex. Code Crim. Proc. Ann. art.
35.16(c)(1).  Furthermore, Harrison
expressly stated that her relationship by marriage to an employee in the
District Attorney’s Office would not be a factor in her ability to be an
unbiased juror.  Appellant has not shown
that the trial court abused its discretion in denying Appellant’s challenge for
cause of Harrison.

 

Conclusion

            Having  reviewed the record as a whole, we cannot
conclude that the trial court abused its discretion in denying Appellant’s
challenges for cause of prospective jurors McFarland and Harrison.  Consequently, we overrule Appellant’s sole
issue.  Having overruled Appellant’s sole
issue, we affirm the judgment of the trial court.

                                                                                                    BRIAN HOYLE                                                                                                                                   Justice

 

Opinion delivered September 6, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(DO
NOT PUBLISH)











[1] Angelina County became
a part of the Twelfth Court of Appeals District on September 1, 2005.  Tex.
Gov’t Code Ann. § 22.201(m) (Vernon Supp. 2006).  Appellant filed his notice of appeal on
November 1, 2005.