COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-465-CR

 

 

JOSEPH MARTIN BELSON                                                     APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








A jury convicted Appellant Joseph Martin Belson
of two counts of burglary of a habitation, and the trial court sentenced him to
forty-five years= confinement on the first count
and twenty years= confinement on the second
count.  Because we hold that double
jeopardy bars two convictions and two sentences for the same, single burglary,
we reverse the conviction on the second count and order the trial court to
vacate that conviction and sentence. 
Because we hold that the trial court erred by refusing to give an
instruction on the lesser included offense of criminal trespass, we reverse the
case and remand it for a new trial on the first (and only remaining) count.

The evidence, the sufficiency of which Appellant
does not challenge, shows that he entered the complainant=s home
in the middle of the night without her permission and that he touched her with
his hands without her permission.  The
evidence also shows that Appellant told the complainant about a sexual fantasy
that he had concerning her, that he asked her if he could perform oral sex on
her, and that when she declined his offer, he told her that she could perform
oral sex on him.  The evidence is
conflicting regarding his intent when he entered the home and when he touched
her, whether he entered her bedroom, whether he exposed himself, whether he
grabbed her crotch, and whether he used force or threatened her in an attempt
to get her to perform oral sex.








Appellant was indicted on two counts of
burglary.  The first count allowed
conviction if sexual assault was intended, attempted, or completed; the second
count allowed conviction if assault was intended, attempted, or completed.  The charge allowed Appellant to be convicted
on both counts, the jury convicted him on both counts, and the trial court
sentenced him on both counts.

In his fourth issue, Appellant contends that his
convictions on both counts violate the double jeopardy clause by allowing
multiple punishments for the same offense. 
Appellant did not raise this complaint below, but the Texas Court of
Criminal Appeals has

held that because of the Afundamental nature of the
double jeopardy protections, a double jeopardy claim may be raised for the
first time on appeal or even for the first time on collateral attack@ if two conditions are
met:  (1) Athe undisputed facts show
the double jeopardy violation is clearly apparent on the face of the record@; and (2) Awhen enforcement of the
usual rules of procedural default serves no legitimate state interest.@[2]

 








The gravamen of the offense of burglary is the entry.[3]  We therefore reject the State=s
arguments that two distinct burglaries occurred.  As the indictment and evidence clearly show,
there was only one entry into one house on one date and at one time.  Thus, although the State could have properly
alleged alternative theories of burglary, it could properly obtain only one
burglary conviction.[4]  The violation is apparent from the face of
the record, and we cannot say that enforcing procedural default rules in this
situation would serve a legitimate State interest.  Consequently, we sustain Appellant=s fourth
issue.  Because Appellant received a
lesser punishment on the second count (burglaryBassault),
we reverse that conviction and its sentence and order that they be vacated.[5]  Because of this disposition of the second
count, we address Appellant=s
remaining issues only as they pertain to the first count (burglaryBsexual
assault).[6]













In Appellant=s third
issue, he contends that the trial court erred by denying a defense request for
a jury instruction on criminal trespass as a lesser included offense.  We use a two-pronged test to determine
whether a defendant is entitled to an instruction on a lesser included offense.[7]  First, the lesser included offense must be
included within the proof necessary to establish the offense charged.[8]  Second, there must be some evidence from
which a rational jury could acquit the defendant of the greater offense while
convicting him of the lesser included offense.[9]  Criminal trespass is included within the
proof of burglary of a habitation.[10]  But is there evidence that Appellant is
guilty, if at all, only of criminal trespass and not of burglaryCsexual
assault?       A person commits criminal
trespass in a situation like this if Ahe
enters or remains in a building of another without effective consent and
he:  (1) had notice that the entry was
forbidden; or (2) received notice to depart but failed to do so.@[11]  A house automatically gives sufficient notice
that entry is forbidden because it is an enclosure obviously designed to
exclude intruders.[12]      The complainant testified that the door
was closed before Appellant entered.  She
testified that he never had her consent or permission to enter her house.  She also testified that she told him, ALet=s go
outside,@ and
that he said,@No,@ and
shut the front door.  Finally, she
testified that he refused to leave even after she had called the police and had
told him directly to leave. 
Consequently, there is evidence from which a jury could determine that
Appellant was guilty of criminal trespass.

There is also evidence from which a jury could
determine that no burglaryCsexual
assault occurred.  No sexual assault
occurred.[13]  The complainant testified that there was no
penetration and no oral-genital contact. 
There is also no evidence of anal contact.  The complainant testified that Appellant told
her that he was not going to hurt her when she awoke to find him in her house
and that he showed her his driver=s
license.  She testified that he
repeatedly told her that he was not going to hurt her throughout the
ordeal.  She further testified that he
never physically hurt her.  She also
testified that he told her after she called the police that he had Ajust
wanted to talk to@ her and that if he had wanted
to rape her, he could have.








Appellant testified that he did not intend or
attempt to sexually assault the complainant.[14]  He admitted asking to perform oral sex on her
and then telling her that she could perform oral sex on him after she told him
that she was sorry about his problem.  He
admitted that he was sexually attracted to her, but not to the point of harming
her.  He denied grabbing her crotch and
exposing his penis.  Accordingly, there
was some evidence that would have allowed the jury to believe that Appellant
was guilty, if at all, of criminal trespass and not of burglaryCsexual
assault.  The trial court therefore erred
by refusing to give the instruction.

Error in the charge, if timely objected to in the
trial court, requires reversal if the error was Acalculated
to injure the rights of the defendant,@ which
means no more than that there must be some harm to the accused from the
error.[15]  In other words, a properly preserved error
will call for reversal as long as the error is not harmless.[16]  In making this determination, Athe
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record








of the trial as a whole.@[17]  The jury charge did not allow conviction on
any lesser included offenses.  The State=s case
for burglaryBsexual assault was far from
solid, given the testimony of both the complainant and Appellant, despite the
prosecutor=s unobjected-to argument that Apulling
out your penis and demanding oral sex is attempted sexual assault.@  We therefore cannot say that the error was
harmless.  Accordingly, we hold that
Appellant was harmed by the trial court=s
failure to include the instruction on criminal trespass and sustain Appellant=s third
issue.  We do not reach his remaining
issues.[18]

Having sustained Appellant=s fourth
issue, we  reverse his conviction and
sentence on the second count and order that they be vacated.  Having sustained his third issue, we remand
this case for a new trial on the first and only remaining count (burglaryBsexual
assault).

PER CURIAM

PANEL F:    DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED:  October 12, 2006











[1]See Tex. R. App. P. 47.4.





[2]Langs v. State,
183 S.W.3d 680, 687 (Tex. Crim. App. 2006) (citation omitted).





[3]DeVaughn v. State, 749 S.W.2d 62, 65 (Tex.
Crim. App. 1988); McCravy v. State, 642 S.W.2d 450, 463 n.23 (Tex. Crim.
App. 1980).





[4]See Vick v. State, 991 S.W.2d 830, 834 (Tex. Crim. App.
1999); see also Taylor v. State, 693 S.W.2d 4, 7 (Tex. App.CBeaumont 1985, pet. ref=d).





[5]See Landers v. State, 957 S.W.2d 558, 560 (Tex. Crim. App. 1997) (discussing the Amost
serious punishment@ test).





[6]See Tex. R. App. P. 47.1.





[7]Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), cert. denied, 510
U.S. 919 (1993); Royster v. State, 622 S.W.2d 442, 446 (Tex. Crim. App.
[Panel Op.] 1981) (op. on reh=g).





[8]Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005);  Rousseau, 855 S.W.2d at 672-73; Royster,
622 S.W.2d at 446.





[9]Moore v. State,
969 S.W.2d 4, 8 (Tex. Crim. App. 1998).





[10]Daniels v. State, 633 S.W.2d 899, 900 (Tex. Crim. App. 1982); Stewart v. State,
198 S.W.3d 60, 64 (Tex. App.CFort Worth 2006, no pet.). 





[11]Tex. Penal Code Ann. ' 30.05 (Vernon Supp. 2006).





[12]See Moreno v. State, 702 S.W.2d 636, 640 n.7 (Tex. Crim. App. 1986); Jackson v. State,
3 S.W.3d 58, 62 (Tex. App.CDallas 1999, no pet.).

 





[13]See Tex. Penal Code Ann. ' 22.011
(Vernon Supp. 2006).





[14]See id. ' 15.01
(Vernon 2003) (providing the elements of criminal attempt).





[15]Tex.
Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); see also Abdnor v. State, 871
S.W.2d 726, 731-32 (Tex. Crim. App. 1994); Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985) (op. on reh=g).





[16]Almanza, 686
S.W.2d at 171.





[17]Id.; see
also Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).





[18]See Tex. R. App. P. 47.1.