COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-465-CR

JOSEPH MARTIN BELSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Joseph Martin Belson of two counts of burglary of a habitation, and the trial court sentenced him to forty-five years’ confinement on the first count and twenty years’ confinement on the second count.  Because we hold that double jeopardy bars two convictions and two sentences for the same, single burglary, we reverse the conviction on the second count and order the trial court to vacate that conviction and sentence.  Because we hold that the trial court erred by refusing to give an instruction on the lesser included offense of criminal trespass, we reverse the case and remand it for a new trial on the first (and only remaining) count.

The evidence, the sufficiency of which Appellant does not challenge, shows that he entered the complainant’s home in the middle of the night without her permission and that he touched her with his hands without her permission.  The evidence also shows that Appellant told the complainant about a sexual fantasy that he had concerning her, that he asked her if he could perform oral sex on her, and that when she declined his offer, he told her that she could perform oral sex on him.  The evidence is conflicting regarding his intent when he entered the home and when he touched her, whether he entered her bedroom, whether he exposed himself, whether he grabbed her crotch, and whether he used force or threatened her in an attempt to get her to perform oral sex.

Appellant was indicted on two counts of burglary.  The first count allowed conviction if sexual assault was intended, attempted, or completed; the second count allowed conviction if assault was intended, attempted, or completed.  The charge allowed Appellant to be convicted on both counts, the jury convicted him on both counts, and the trial court sentenced him on both counts.

In his fourth issue, Appellant contends that his convictions on both counts violate the double jeopardy clause by allowing multiple punishments for the same offense.  Appellant did not raise this complaint below, but the Texas Court of Criminal Appeals has

held that because of the “fundamental nature of the double jeopardy protections, a double jeopardy claim may be raised for the first time on appeal or even for the first time on collateral attack” if two conditions are met:  (1) “the undisputed facts show the double jeopardy violation is clearly apparent on the face of the record”; and (2) “when enforcement of the usual rules of procedural default serves no legitimate state interest.”
(footnote: 2)

The gravamen of the offense of burglary is the entry.
(footnote: 3)  We therefore reject the State’s arguments that two distinct burglaries occurred.  As the indictment and evidence clearly show, there was only one entry into one house on one date and at one time.  Thus, although the State could have properly alleged alternative theories of burglary, it could properly obtain only one burglary conviction.
(footnote: 4)  The violation is apparent from the face of the record, and we cannot say that enforcing procedural default rules in this situation would serve a legitimate State interest.  Consequently, we sustain Appellant’s fourth issue.  Because Appellant received a lesser punishment on the second count (burglary–assault), we reverse that conviction and its sentence and order that they be vacated.
(footnote: 5)  Because of this disposition of the second count, we address Appellant’s remaining issues only as they pertain to the first count (burglary–sexual assault).
(footnote: 6)
 In Appellant’s third issue, he contends that the trial court erred by denying a defense request for a jury instruction on criminal trespass as a lesser included offense.  We use a two-pronged test to determine whether a defendant is entitled to an instruction on a lesser included offense.
(footnote: 7)  First, the lesser included offense must be included within the proof necessary to establish the offense charged.
(footnote: 8)  Second, there must be some evidence from which a rational jury could acquit the defendant of the greater offense while convicting him of the lesser included offense.
(footnote: 9)  Criminal trespass is included within the proof of burglary of a habitation.
(footnote: 10)  But is there evidence that Appellant is guilty, if at all, only of criminal trespass and not of burglary—sexual assault? 
A person commits criminal trespass in a situation like this if “he enters or remains in a building of another without effective consent and he:  (1) had notice that the entry was forbidden; or (2) received notice to depart but failed to do so.”
(footnote: 11)  A house automatically gives sufficient notice that entry is forbidden because it is an enclosure obviously designed to exclude intruders.
(footnote: 12) The complainant testified that the door was closed before Appellant entered.  She testified that he never had her consent or permission to enter her house.  She also testified that she told him, “Let’s go outside,” and that he said,”No,” and shut the front door.  Finally, she testified that he refused to leave even after she had called the police and had told him directly to leave.  Consequently, there is evidence from which a jury could determine that Appellant was guilty of criminal trespass.

There is also evidence from which a jury could determine that no burglary—sexual assault occurred.  No sexual assault occurred.
(footnote: 13)  The complainant testified that there was no penetration and no oral-genital contact.  There is also no evidence of anal contact.  The complainant testified that Appellant told her that he was not going to hurt her when she awoke to find him in her house and that he showed her his driver’s license.  She testified that he repeatedly told her that he was not going to hurt her throughout the ordeal.  She further testified that he never physically hurt her. 
 She also testified that he told her after she called the police that he had “just wanted to talk to” her and that if he had wanted to rape her, he could have.

Appellant testified that he did not intend or attempt to sexually assault the complainant.
(footnote: 14)  He admitted asking to perform oral sex on her and then telling her that she could perform oral sex on him after she told him that she was sorry about his problem.  He admitted that he was sexually attracted to her, but not to the point of harming her.  He denied grabbing her crotch and exposing his penis.  
Accordingly, there was some evidence that would have allowed the jury to believe that Appellant was guilty, if at all, of criminal trespass and not of burglary—sexual assault.  The trial court therefore erred by refusing to give the instruction.

Error in the charge, if timely objected to in the trial court, requires reversal if the error was “calculated to injure the rights of the defendant,” which means no more than that there must be 
some
 harm to the accused from the error.
(footnote: 15)  In other words, 
a properly preserved error will call for reversal as long as the error is not harmless.
(footnote: 16)  In making this determination, “the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record

of the trial as a whole.”
(footnote: 17)  The jury charge did not allow conviction on any lesser included offenses.  The State’s case for burglary–sexual assault was far from solid, given the testimony of both the complainant and Appellant, despite the prosecutor’s unobjected-to argument that “pulling out your penis and demanding oral sex is attempted sexual assault.”  We therefore cannot say that the error was harmless.  Accordingly, we hold that Appellant was harmed by the trial court’s failure to include the instruction on criminal trespass and sustain Appellant’s third issue.  We do not reach his remaining issues.
(footnote: 18)
 Having sustained Appellant’s fourth issue, we  reverse his conviction and sentence on the second count and order that they be vacated.  Having sustained his third issue, we remand this case for a new trial on the first and only remaining count (burglary–sexual assault).

PER CURIAM

PANEL F: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  October 12, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Langs v. State
, 183 S.W.3d 680, 687 (Tex. Crim. App. 2006) (citation omitted).

3:
DeVaughn v. State
,
 
749 S.W.2d 62, 65 (Tex. Crim. App. 1988); 
McCravy v. State
, 
642 S.W.2d 450, 463 n.23 (Tex. Crim. App. 1980).

4:
See 
Vick v. State
, 
991 S.W.2d 830, 834 (Tex. Crim. App. 1999); 
see also Taylor v. State
, 
693 S.W.2d 4, 7 (Tex. App.—Beaumont 1985, pet. ref’d).

5:
See Landers v. State
, 957 S.W.2d 558, 560 (Tex. Crim. App. 1997) (discussing the “most serious punishment” test).

6:
See
 
Tex. R. App. P.
 47.1.

7:
Rousseau v. State
, 855 S.W.2d 666, 672-73 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 919 (1993); 
Royster v. State
, 622 S.W.2d 442, 446 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g).

8:
Salinas v. State
, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005);  
Rousseau
, 855 S.W.2d at 672-73; 
Royster
, 622 S.W.2d at 446.

9:
Moore v. State
, 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

10:
Daniels v. State
, 633 S.W.2d 899, 900 (Tex. Crim. App. 1982); 
Stewart v. State
, 198 S.W.3d 60, 64 (Tex. App.—Fort Worth 2006, no pet.). 

11:
Tex. Penal Code Ann.
 § 30.05 (Vernon Supp. 2006).

12:
See Moreno v. State
, 702 S.W.2d 636, 640 n.7 (Tex. Crim. App. 1986); 
Jackson v. State
, 3 S.W.3d 58, 62 (Tex. App.—Dallas 1999, no pet.).

13:
See
 
Tex. Penal Code Ann.
 § 22.011 (Vernon Supp. 2006).

14:
See id.
 § 15.01 (Vernon 2003) (providing the elements of criminal attempt).

15:
Tex. Code Crim. Proc. Ann
. art. 36.19 (Vernon 1981); 
see also Abdnor v. State
, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994); 
Almanza v. State
, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh’g).

16:
Almanza
, 686 S.W.2d at 171.

17:
Id.
; 
see also Ovalle v. State
, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

18:
See
 
Tex. R. App. P.
 47.1.